IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO AVILA, on behalf of himself and all others similarly situated employees, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:17-cv-03762 |
| PROJECT RESOURCES GROUP, INC., | § § § | |
| Defendant. | § § § § | |

## COMPLAINT

Plaintiff Mario Avila ("Plaintiff"), on behalf of himself and all other similarly situated employees ("the putative class"), files this Complaint against Project Resources Group, Inc. ("Defendant" or "PRG"), showing as follows:

## INTRODUCTION

1. Defendant provides outside plant damage investigation and recovery services.

2. Plaintiff is a former Damage Field Investigator who worked for Defendant in the United States. Plaintiff and the putative class were classified by Defendant as exempt from the federal Fair Labor Standards Act ("FLSA"), meaning they were not compensated for overtime when they worked more than forty hours in a workweek.

3. Defendant violated the FLSA by misclassifying Plaintiff and the putative class members as exempt under the administrative exemption of the FLSA.

4. Accordingly, Plaintiff brings this suit to recover unpaid overtime wages to himself and the putative class.

## THE PARTIES AND JURISDICTION

**A.     Plaintiffs**

5.     Plaintiff Mario Avila is a natural person residing in Harris County, Texas. He was employed by Defendant within the three years of the filing of this lawsuit. He has standing to file this lawsuit.

**B.     Defendant**

6.     Defendant Project Resources Group, Inc. is a foreign corporation with its headquarters in Greenwood Village, Colorado, and may be served with process through its registered agent: Northwest Registered Agent, LLC, 700 Lavaca, Ste. 1401, Austin, TX 78701.

**C.     Putative Class**

7.     The "Putative Class" are all current and former Damage Field Investigators who were employed in the United States by Defendant from the three years prior to the filing date of this lawsuit. All of the putative collective action members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

8.     Exhibit A is Plaintiff's signed consent form.

**D.     Jurisdiction and Venue**

9.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction. For several years, Defendant has done business in the State of Texas, as well as within this District.

10.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

11.    The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment

records relevant to Plaintiff's claims maintained and administered by Defendant in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## FACTUAL AND LEGAL BACKGROUND

12. Plaintiff is a former Damage Field Investigator for Defendant. Defendant classified Plaintiff and the putative class as exempt pursuant to the FLSA's administrative exemption.

13. During the past three years, Plaintiff and the putative class worked a significant amount of hours for Defendant, including overtime hours.

14. The administrative exemption requires that an employee's primary duty be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers. It further requires that the employee exercise discretion and independent judgment with respect to matters of significance.

15. Plaintiff and the putative class do not meet the administrative exemption for at least the following reasons:

   a. Plaintiff and the putative class did not perform office work or non-manual work.

   b. Plaintiff and the putative class did not perform work directly related to management or general business operations.

   c. Plaintiff and the putative class did not exercise discretion or independent judgment with respect to matters of significance.

16. Plaintiff's and the putative class's jobs required them to trek long distances on foot carrying heavy tools to where they would engage in further manual labor such as setting up equipment and digging.

17. They were required to wear protective gear such as hard hats and other safety gear.

18. Nearly all of Plaintiff's and the putative class's work was performed outdoors.

19. Plaintiff and the putative class carried numerous tools such as locator tools, a laptop, a measuring wheel, cans of paint, ground paint sticks, marking poles, damage cones, paint marker cones, a tolerance measuring stick, and a metal water main shutoff tool.

20. Plaintiff and the putative class were required to load their equipment into their vehicles, travel to work sites, put on a hard hat and other safety gear, unload the equipment, hike to the physical job site carrying all the equipment by hand, setup the equipment, operate the equipment, take down the equipment, hike back to their vehicle, load up the equipment, and leave the work site.

21. Defendant is in the business of providing field damage investigations. Plaintiff and the putative class were providing Defendant's end-of-the-line product and service by providing field damage investigation services.

22. Defendant's customers, such as Comcast and other Internet Service Providers, were and are in the business of providing internet service to their customers. Plaintiff's and the putative class's services fell on the production side of Defendant's customers. Plaintiff and the putative class were helping Defendant's customers provide the very services those customers exist to produce and market, *i.e.*, internet service.

23. Plaintiff and the putative class would investigate various line damages. In so doing, they followed well defined policies and procedures laid out by Defendant. They were not decisionmakers in any sense and they did not exercise independent discretion.

## **FLSA CLAIM FOR OVERTIME PAY**

24. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq.*

25. All conditions precedent, if any, to this suit, have been fulfilled.

26. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

27. At all material times, Plaintiff and the putative class were eligible "employees" under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

28. At all material times, the putative class were and are similarly situated to Plaintiff were and are employees under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

29. At all material times, Defendant is an eligible and covered "employer" under the FLSA. 29 U.S.C. § 203(d).

30. At all material times, Plaintiff and the putative class routinely worked in excess of 40 hours per seven-day workweek.

31. At all material times, Plaintiff and the putative class were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

32. At all material times, Defendant failed to pay Plaintiff and the putative class overtime compensation for hours worked over 40 in a seven-day workweek.

33. Defendant's violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding

a jury finding of willfulness).  As indicated above, Defendant knew or should have known of the FLSA's requirements to pay certain workers overtime, and they failed to follow the law.

34.   Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)).  A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23.  If the court concludes that the employer acted in good faith and had reasonable grounds for believing that the conduct did not violate the FLSA, the court may "award no liquidated damages or any amount" up to actual damages. 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Singer*, 324 F.3d at 822–23.

35.   It is the employer's burden to prove good faith and reasonableness.  *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009).  If the jury concludes that the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award liquidated damages in the full amount. *Singer*, 324 F.3d at 823 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226.  But "[a] finding that defendant's actions were not willful does not preclude a finding that defendant did not act in good faith and on reasonable grounds." *Johnson*, 604 F. Supp. 2d at 926 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.")).

36. The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 323; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id*. (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption ... in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm...." *Id*. (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).

37. Defendant cannot prove "good faith." *See, e.g.*, *Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation to be willful); *Tran v. Thai*, NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14,

2008) (testimony from executive that his company "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]" was insufficient to withstand plaintiffs' motion for summary judgment on liquidated damages because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA.").

38. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

39. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide class in FLSA misclassification case).

40. Accordingly, Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of:

> "all of Defendant's current and former Damage Field Investigators in the United States who were classified as exempt from the FLSA's overtime provisions and who were not paid overtime wages in the past three years by Defendant"

## JURY DEMAND

41. Plaintiffs demand a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and those similarly situated to Plaintiff be awarded a judgment against Defendant for the following:

    a. Actual damages in the amount of unpaid overtime wages under the FLSA;

    b. Liquidated damages under the FLSA;

c. Pre-judgment and post-judgment interest;

d. Court costs;

e. Reasonable attorneys' fees; and

f. All other relief to which Plaintiff and those similarly situated to Plaintiff are entitled under the FLSA.

Respectfully submitted,

THE CRAIGHEAD LAW FIRM, PLLC

By: s/ Clayton D. Craighead
Clayton D. Craighead
State Bar No. 24065092
S.D. Texas No. 958992
440 Louisiana, Suite 900
Houston, TX 77002
(832) 798-1184 – Telephone
(832) 553-7261 – Facsimile
clayton.craighead@thetxlawfirm.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF