**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIO AVILA, on behalf of himself and All others similarly situated employees, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 4: 17-cv-03762 |
| V. | § § | |
| PROJECT RESOURCES GROUP, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Project Resources Group, Inc. ("**Defendant**" or "**PRG**"), by and through counsel, hereby files its Original Answer and Affirmative Defenses to Plaintiff's Original Complaint ("**Complaint**"), and admits, denies and alleges as follows:

1.      Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Complaint regarding whether Plaintiff Mario Avila ("**Plaintiff**") currently provides outside plant damage investigation and recovery services, and thus Defendant denies those allegations.

2.      Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint alleging that Defendant was a former Field Investigator for PRG. Defendant admits that PRG did not pay overtime wages to Plaintiff who was exempt from overtime.  Defendant denies all of the remaining allegations contained in paragraph 2 of the Complaint.

1

3.      Defendant denies the allegations of paragraph 3 of the Complaint.

4.      As to the allegations in paragraph 4 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this litigation as a representative action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("**FLSA**"), seeking to recover overtime wages allegedly due to him and his former co-workers under FLSA. Defendant denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative action under FLSA. Defendant denies all of the remaining allegations contained in paragraph 4 of the Complaint.

5.      As to the allegations in paragraph 5 of Plaintiff's Complaint, Defendant admits that Plaintiff is a former employee of PRG and brings this suit within three years of his termination from PRG and, as such, has standing in his individual capacity to bring personal claims against PRG under the FLSA. Defendant is without specific knowledge to admit or deny where Plaintiff resides, and thus Defendant denies those allegations. All allegations in Paragraph 5 of Plaintiff's Complaint which are not specifically admitted are denied.

6.      Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint insofar as PRG is a Colorado corporation, and may be served by its duly appointed registered agent as alleged therein.  All allegations in Paragraph 6 of Plaintiff's Complaint which are not specifically admitted are denied.

7.      As to the allegations in paragraph 7 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this action as a representative action under FLSA, 29 U.S.C. § 216(b), seeking to recover damages on behalf of himself and other employees of PRG. Defendant, however, denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative action under FLSA.

8.      Paragraph 8 of Plaintiff's Complaint makes no averment of fact and as such receives no answer.   To the extent Paragraph 8 requires any response, Defendant refers all questions as to the adequacy of Plaintiff's "Exhibit A" to the Court.

9.      As to the allegations in Paragraph 9 of Plaintiff's Complaint, Defendant admits to personal jurisdiction in this Court.

10.      As to the allegations in Paragraph 10 of Plaintiff's Complaint, Defendant admits to this Court's subject matter jurisdiction based on federal question under the FLSA.

11.      As to the allegations in Paragraph 11 of Plaintiff's Complaint, Defendant admits to venue in this Court, but denies the balance of the allegations related to Defendant's practices.

12.      Subject to the forgoing affirmative statements regarding the "putative class" Defendant admits the allegations in paragraph 12 of Plaintiff's Complaint as to Defendant's classification as exempt while employed at PRG.

13.      Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint.

14.      The allegations of paragraph 14 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied with Plaintiff's claim.

15.      Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16.      As to the allegation in paragraph 16 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations that Plaintiff, at any time, performed any of the alleged activities, and thus Defendant denies those allegations.   Defendant admits that walking and carrying tools, including a camera, was required, from time to time. Defendant denies the validity of Plaintiff's claims as to the characterization of the job as non-

exempt and entitled to overtime, and Defendant denies all of the remaining allegations contained in paragraph 16 of the Complaint.

17.     As to the allegation of paragraph 17 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations that Plaintiff, at any time, performed any of the alleged activities, and thus Defendant denies those allegations.  Defendant admits that protective gear was required on any occasion necessary. Defendant denies the validity of Plaintiff's claims as to the characterization of the job as non-exempt and entitled to overtime, and Defendant denies all of the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19.     As to the allegation of paragraph 19 of Plaintiff's Complaint, Defendant admits that the tools described were possessed and utilized, from time to time, by employees in the position in which Plaintiff was employed.  Defendant is without sufficient information to form a belief as to the truth of the allegations that Plaintiff "carried" or utilized such tools or did so on a regular basis, and thus Defendant denies those allegations. Defendant denies the validity of Plaintiff's claims as to the characterization of the job as non-exempt and entitled to overtime, and Defendant denies all of the remaining allegations contained in paragraph 19 of the Complaint.

20.     As to the allegation in paragraph 20 of Plaintiff's Complaint, Defendant admits that the tools described were possessed and utilized, from time to time, by the position in which Plaintiff was employed.  Defendant is without sufficient information to form a belief as to the truth of the allegations that Plaintiff did "load" such tools into their vehicle other than initially or did so on a regular basis. Defendant denies the validity of Plaintiff's claims as to the characterization of

the job as non-exempt and entitled to overtime, and Defendant denies all of the remaining allegations contained in paragraph 20 of the Complaint.

21.     As to the allegations in paragraph 21 of Plaintiff's Complaint, Defendant admits that it provides the service of field damage investigation. Defendant denies the validity of Plaintiff's claims as to the characterization of the job as non-exempt and 'end of the line' and entitled to overtime, and Defendant denies all of the remaining allegations contained in paragraph 21 of the Complaint.

22.      As to the allegations in paragraph 22 of Plaintiff's Complaint, Defendant admits that its customers include Comcast and other internet service providers. Defendant denies the validity of Plaintiff's claims as to the characterization of the job as non-exempt and 'production side' and entitled to overtime, and Defendant denies all of the remaining allegations contained in paragraph 22 of the Complaint.

23.     As to the allegations in paragraph 23 of Plaintiff's Complaint, Defendant admits that part of Plaintiff's duties involved investigation of line damages and that he received training for his job duties. Defendants denies Plaintiff's characterization of his work as not involving discretion and denies the claim that his position is not exempt.

24.     As to the allegations in paragraph 24 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this action as a representative action under the FLSA, seeking to recover overtime wages allegedly due to him and his former co-workers under FLSA. Defendant denies the validity of Plaintiff's claims and denies that this matter should proceed as a representative action under FLSA. Defendant denies all of the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint as to the nature of the "putative class" relative to Plaintiff.  Defendant admits that the same are "employees" under the FLSA. Defendant denies the applicability of the FLSA and merits of Plaintiff's claims.

26.     Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint as to the nature of the "putative class" relative to Plaintiff and admits that the same are "employees" under the FLSA while denying the applicability of the FLSA generally as alleged by Plaintiff as to the merits of Plaintiff's claims.

27.     Defendant admits the allegations in paragraph 29 of Plaintiff's Complaint insofar as PRG is an "employer" while denying the applicability of the FLSA generally as alleged by Plaintiff to the merits of Plaintiff's claims.

28.     Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

29.     Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

30.     Subject to the forgoing affirmative statements regarding the "putative class" Defendant admits the allegations in paragraph 32 of Plaintiff's Complaint as to Defendant's classification as exempt, his status as a former employee of PRG, and that Plaintiff was not paid overtime.

31.     Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

32.     Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

33.     Paragraphs 25, 26, 34, 35, 36, 38 and 39 of Plaintiff's Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied as alleged by Plaintiff to the merits of Plaintiff's claims.

34.     As to paragraph 40 of Plaintiff's Complaint, Defendant denies the validity of

Plaintiff's claims and denies that this matter should proceed as a representative action under FLSA. Defendant denies all of the remaining allegations contained in paragraph 40 of the Complaint to the extent inconsistent with the language of the quoted statutory provisions.

## JURY DEMAND

35.    Defendant demands a jury trial on all matters so triable.

## DENIAL OF PRAYER AND GENERAL DENIAL

36.    All allegations not specifically admitted herein are denied.

37.    Defendant denies that Plaintiff, or any member of the alleged representative class or any putative member of the purported class, are entitled to any of the relief for which they pray, and Defendant accordingly denies all the allegations contained in Plaintiff's Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

No assertion of any affirmative defense shall constitute either an admission that Plaintiff does not bear the burden of proof or burden of producing evidence on any element of any cause of action or claim for relief or on any issue as to which Plaintiff bears the burden of proof or the burden of producing evidence as a matter of law, or a waiver of any of Defendant's right to require that Plaintiff satisfy any burden of proof or burden of producing evidence.

## FIRST DEFENSE

1.    Plaintiff's Complaint, on behalf of himself and the putative members of the purported class fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2.      Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

**THIRD DEFENSE**

3.      Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, are barred, or limited, by the applicable statutes of limitations. Further, the applicability of the statutes of limitations require individualized determinations for each putative member of the purported class, thereby precluding class-wide resolution.

**FOURTH DEFENSE**

4.      Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, cannot and should not be maintained on a class-action or representative action because: those claims, and each of them, fail to meet the necessary requirements for class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative class; and because class certification is inappropriate.

**FIFTH DEFENSE**

5.      Plaintiff's claims are barred to the extent they seek compensation for periods excluded under the Portal-to-Portal Act.

**SIXTH DEFENSE**

6.      To the extent that any overtime is due, Plaintiff is not entitled to any pay for time waiting to be engaged.

**SEVENTH DEFENSE**

7.      Specifically, without assuming the burden of proof, Plaintiff and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

**EIGHTH DEFENSE**

8.      Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor, and had reasonable grounds for believing their actions are in compliance with the FLSA.

**NINTH DEFENSE**

9.      Defendant did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

**TENTH DEFENSE**

10.      This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

## ELEVENTH DEFENSE

11.     Plaintiff's action is barred because he seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

## TWELFTH DEFENSE

12.     The alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

**WHEREFORE**, having fully answered the Plaintiff's claims for relief set forth therein, Defendant prays for judgment to be entered against the Plaintiff, that the Plaintiff's claims for relief asserted therein be dismissed with prejudice, and that Defendant be awarded costs and attorneys' fees and such other and further relief as the Court deems just and proper.

DATED this 21st day of March 2018.

Respectfully Submitted,

LAW OFFICE OF ISMAEL HINOJOSA

s/Ismael H. Hinojosa_____
Ismael Hugo Hinojosa
Texas Bar No. 24041102
S.D. Texas No. 584629
855 E. Harrison Street
Brownsville, TX 78520-7173
Tel: (956) 504-0014
Ismael.hinojosa@me.com

ATTORNEY-IN-CHARGE FOR DEFENDANT

**OF COUNSEL:**

MALLON LONNQUIST MORRIS & WATROUS, PLLC

s/Reed F. Morris_____
Reed F. Morris
Colorado Bar No. 36170
3200 Cherry Creek South Drive, Ste 650
Denver, Colorado  80209
Tel: 303-927-0011
Fax: 303-722-8502
rmorris@mlmw-law.com
PRO HAC VICE ADMISSION PENDING

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2018, I electronically filed the foregoing DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Clayton D. Craighead
440 Louisiana, Suite 900
Houston, TX 77002
Clayton.craighead@thetxlawfirm.com

s/Ismael H. Hinojosa_____