IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO AVILA, on behalf of himself and all others similarly situated employees, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:17-cv-03762 |
| v. | § | |
| | § | |
| PROJECT RESOURCES GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND TO ISSUE NOTICE**

## I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ... 1

II. TABLE OF CITATIONS ... 2

III. STATEMENT OF NATURE AND STAGE OF PROCEEDING ... 6

IV. STATEMENT OF THE ISSUES & LEGAL STANDARD ... 6

V. SUMMARY OF PLAINTIFF'S ARGUMENT ... 7

VI. ARGUMENT & ANALYSIS ... 8

A. The standard for conditional certification under the FLSA is lenient. ... 8

B. Plaintiff satisfies the lenient legal standard for conditional certification of a FLSA collective action. ... 13

1. First, there is a reasonable basis for crediting the assertion that aggrieved individuals exist. .......... 13

2. Second, those other aggrieved individuals are similarly situated to Plaintiff in relevant respects given the claims and defenses asserted. .......... 13

3. While some courts suggest that plaintiff must demonstrate that other persons want to opt into this lawsuit, such a requirement should not be applied under the facts of this case. .......... 15

C. Plaintiff satisfies the standard to certify this case as a collective action. .......... 17

VII. THE PROPOSED NOTICE IS PROPER .......... 17

VIII. CONCLUSION .......... 18

## II. TABLE OF CITATIONS

**Cases**

*Acevedo v. Allsup's Convenience Stores Inc.*, 600 F.3d 516 (5th Cir. 2010) .......... 10

*Albanil v. Coast 2 Coast, Inc.*, Civil Action No. H-08-486, 2008 WL 4937565 (S.D. Tex. Nov. 17, 2008) .......... 12

*Argo v. Precision Drilling Co., LP*, Civil Action No. 4:15-cv-604, 2015 WL 9319233 (S.D. Tex. Dec. 23, 2015) .......... 15

*Austin v. Onward, LLC*, 161 F. Supp. 3d 457 (S.D. Tex. 2015) .......... 6, 11

*Barajas v. Acosta*, Civil Action No. H–11–3862, 2012 WL 1952261 (S.D. Tex. May 30, 2012) 15

*Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870 (N.D. Iowa 2008) .............................. 12

*Cantu v. Vitol, Inc.*, Civil Action No. H-09-0576, 2009 WL 5195918 (S.D. Tex. Dec. 21, 2009) 6, 11

*Davis v. Mostyn Law Firm, P.C.* Civ. Action No 4:11-cv-02874, 2012 WL 163941 (S.D. Tex. Jan. 19, 2012) ................................................................ 18, 19

*Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003) ................................................................ 9

*Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201 (5th Cir. 1981) .......................................... 10

*Dreyer v. Baker Hughes Oilfield Operations, Inc.*, Civil Action No. H-08-1212, 2008 WL 5204149 (S.D. Tex. Dec. 11, 2008) ................................................................ 14

*Eggelston v. Sawyer Sports Bar, Inc.*, Civil Action No. 4:09-3529, 2010 WL 2639897 (S.D. Tex. June 28, 2010) ................................................................ 19

*England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504 (M.D. La. 2005) ......................... 14

*Foraker v. Highpoint Southwest Servs., L.P.*, No H-06-1856, 2006 WL 2585047 (S.D. Tex. Sept. 7, 2006) ................................................................ 7

*Gibson v. NCRC, Inc.*, Civil Action No. H–10–1409, 2011 WL 2837506 (S.D. Tex. July 18, 2011) ................................................................ 17

*Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777 (N.D. Ill. 2007) .......................................... 15

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) .................................................... 9

*Johnson v. TGF Precision Haircutters, Inc.*, 319 F. Supp. 2d 753 (S.D. Tex. 2004) ................ 14

*Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866 (S.D. Tex. 2007) ......................................... 8

*LaChapelle v. Owens-Illinois, Inc.* 513 F.2d 286 (5th Cir. 1975) ............................................. 10

*Lopez v. Sam Kane Beef Processors, Inc.*, No. CC–07–335, 2008 WL 565115 (S.D. Tex. Feb. 29, 2008) ................................................................ 8

*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) ........................................................ 9, 10

*Luvianos v. Gratis Cellular, Inc.*, Civil Action No. H-12-1067, 2012 WL 6737498 (S.D. Tex. Dec. 10, 2012) ........................................................................................................ 18

*Maynor v. Dow Chem. Co.*, Civil Action No. G-07-0504, 2008 WL 2220394 (S.D. Tex. May 28, 2008) .................................................................................................................... 10

*McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794 (S.D. Tex. 2010)......................... 12, 14, 18

*Meyers v. Pioneer Exploration* LLC, Civil Action No. 4:09-2256, 2010 WL 2710676 (S.D. Tex. July 6, 2010)............................................................................................................. 8, 18

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)..................................... 9, 11, 12, 13

*Morales v. Thang Hung Corp.*, Civil Action No. 4:08-2795, 2009 WL 2524601 (S.D. Tex. Aug. 14, 2009) ............................................................................................................. 6, 11

*Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714 (S.D. Tex. Nov 19, 2007) ............................................................................................................. 6, 11

*Roussell v. Brinker Intern., Inc.*, No. H-05-3733, 2008 WL 2714079 (S.D. Tex. July 9, 2008).... 7

*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008)............................................... 10

*Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)................................ 9, 10

*Tolentino v. C & J Spec-Rent Services Inc.*, 716 F. Supp. 2d 642 (S.D. Tex. 2010) ........ passim

*Vargas v. Richardson Trident Co.*, Civil Action No. H-09-1674, 2010 WL 730155 (S.D. Tex. Feb. 22, 2010) ............................................................................................................. 8, 19

*Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902 (S.D. Tex. 2010) .. 6, 11, 13, 16

*Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003)............................. 8

*Whalen v. U.S.*, 85 Fed. Cl. 380 (Fed. Cl. 2009) ............................................................... 8

*Yaklin v. W-H Energy Servs., Inc.*, Civil Action No. C-07-422, 2008 WL 1989795 (S.D. Tex. May 2, 2008) .......... 9, 14

**Statutes**

29 U.S.C. § 201 .......... 7

29 U.S.C. § 207 .......... 7, 8

29 U.S.C. § 216 .......... 7, 9, 10, 12

F.R.C.P. 23 .......... 10

Plaintiff Mario Avila files this Motion for Conditional Certification and To Issue Notice, showing in support as follows:

## III. STATEMENT OF NATURE AND STAGE OF PROCEEDING

Plaintiff Mario Avila filed this lawsuit on December 13, 2017 wherein he alleges violations of the Fair Standards Labor Act ("FLSA"). The Court issued a Scheduling and Docket Control Order on April 24, 2018, which set the deadline for Avila to move for collective action certification on June 8, 2018.

## IV. STATEMENT OF THE ISSUES & LEGAL STANDARD

Should other employees affected by Defendant's unlawful pay policies be given notice, and an opportunity to opt into this case, so that they may seek to recover the overtime pay that Defendant owes them?

Generally, a plaintiff must show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Morales v. Thang Hung Corp.*, Civil Action No. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009) (attached as Exhibit 1). This standard is "less stringent" than the Rule 23 class action requirements. *See Cantu v. Vitol, Inc*., Civil Action No. H-09-0576, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009) (attached as Exhibit 2); *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov 19, 2007) (citing cases) (attached as Exhibit 3). And, "recently, many courts in this district have done away with the third requirement." *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 462 (S.D. Tex. 2015) (quoting *Villarreal v. St. Luke's Episcopal Hosp*., 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) ("Liberally construing the FLSA to effect its purposes, the court finds that it is enough for the plaintiff to present evidence that there may be other

aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit”)).

## V. SUMMARY OF PLAINTIFF’S ARGUMENT

This case arises under federal Fair Labor Standards Act (“FLSA”). 29 U.S.C. § 201, *et seq*. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee’s regular rate. *See* 29 U.S.C. § 207(a)(1)

Plaintiff is a former Field Investigator. Putative collective action members are current and former Field Investigators of Defendant. None were paid overtime when they worked more than 40 hours in a workweek.

Plaintiff now files this timely motion, seeking an order from the Court conditionally certifying a collective action under FLSA section 216, and authorizing them to issue “opt in” notices to similarly situated employees who have performed work for Defendant over the past three years without receiving overtime pay, since they too were subjected to Defendant’s illegal pay scheme.

The remedial nature of the FLSA and § 216 “militate[s] strongly in favor of allowing cases to proceed collectively.” *Roussell v. Brinker Intern., Inc.*, No. H-05-3733, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008) (attached as Exhibit 4). Here, conditional certification is proper because Plaintiff and similarly situated employees were also subject to the same illegal pay plan. *See, e.g.*, *Foraker v. Highpoint Southwest Servs., L.P.*, No H-06-1856, 2006 WL 2585047, at *4 (S.D. Tex. Sept. 7, 2006) (Atlas, J.) (victims of same allegedly unlawful pay plan across the country were similarly situated under § 216) (attached as Exhibit 5). Thus, Plaintiff respectfully requests that the Court grant this motion, so that the other employees who were paid illegally by Defendant during the last three years can be given notice of this lawsuit, and an

opportunity to opt into the case. *See, e.g., Meyers v. Pioneer Exploration* LLC, Civil Action No. 4:09-2256, 2010 WL 2710676, at *4 (S.D. Tex. July 6, 2010) (granting conditional certification) (attached as Exhibit 6); *Vargas v. Richardson Trident Co.*, Civil Action No. H-09-1674, 2010 WL 730155, at *7 (S.D. Tex. Feb. 22, 2010) (same) (attached as Exhibit 7); *Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866, 874 (S.D. Tex. 2007) (same).[1]

Accordingly, the sole question this motion presents is: Should other employees affected by Defendant's unlawful pay policies be given notice, and an opportunity to opt into this case, so that they may seek to recover the overtime pay that Defendant owes them? Under the governing lenient legal standard, the answer is "yes."

## VI. ARGUMENT & ANALYSIS

As set out below, the standard for granting conditional certification of a FLSA case is a lenient one, and Plaintiff easily satisfies it.

### A. The standard for conditional certification under the FLSA is lenient.

The FLSA requires covered employers to pay non-exempt employees overtime for hours they have worked in excess of defined maximum hours. 29 U.S.C. § 207(a). It also creates a cause of action for employees against employers who have violated the law:

---

[1] An action under the FLSA must be commenced within two years, unless the employer acted willfully in failing to properly compensate its employees. 29 U.S.C. § 255(a). At this stage of the proceeding, Plaintiff's allegation of a willful violation is sufficient to authorize that notice be sent to all similarly situated employees who worked for Defendants during the last three years. *See e.g., Lopez v. Sam Kane Beef Processors, Inc.*, No. CC–07–335, 2008 WL 565115, at *2 (S.D. Tex. Feb. 29, 2008) (attached as Exhibit 8); *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003); *Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010) ("Courts routinely approve a three-year notice period."); *Whalen v. U.S.*, 85 Fed. Cl. 380, 388 (Fed. Cl. 2009) ("In conditionally certifying a collective action under the FLSA, courts generally apply the longer limitations period even though the proofs ultimately adduced may not support reliance upon the longer period.").

> An action ... may be maintained ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

"A representative action brought pursuant to this provision follows an 'opt-in' rather than an 'opt-out' procedure." *See Tolentino v. C & J Spec-Rent Services Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) (citation omitted). District courts have discretion in deciding whether and how to award "timely, accurate, and informative" notice to prospective plaintiffs. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). FLSA collective actions "are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding common issues of law and fact arising from the same alleged . . . activity." *Yaklin v. W-H Energy Servs., Inc.*, Civil Action No. C-07-422, 2008 WL 1989795, at *1 (S.D. Tex. May 2, 2008) (attached as Exhibit 9) (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 170).

Courts presently follow two different approaches in determining whether to authorize notice to employees of their right to join a collective action suit under FLSA Section 216(b). *See Tolentino*, 716 F. Supp. 2d at 646. The first approach was developed in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and involves a two-step process to determine whether employees are similarly situated. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003)). The second approach follows *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990), and treats the collective action authorization as coextensive with Rule 23 class certification. *See Tolentino*, 716 F. Supp. 2d at 646.

The Fifth Circuit has not yet "ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action." *Acevedo v. Allsup's Convenience Stores Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010). Despite this uncertainty, courts in this District follow the *Lusardi* approach rather than the *Shushan* approach. *See, e.g.*, *Tolentino*, 716 F. Supp. 2d at 646; *Maynor v. Dow Chem. Co.*, Civil Action No. G-07-0504, 2008 WL 2220394, at *4 (S.D. Tex. May 28, 2008) (attached as Exhibit 10). This is consistent with the Fifth Circuit's conclusion in *LaChapelle v. Owens-Illinois, Inc.* 513 F.2d 286 (5th Cir. 1975) that "[t]here is a fundamental, irreconcilable difference between the class action described by [Federal Rule of Civil Procedure] 23 and that provided for by FLSA § 16(b) [29 U.S.C. § 216(b)]," namely the "opt out" procedure for class members under Rule 23 as contrasted with the "opt in" procedure under Section 216(b). *Id.*, at 288; *see also Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The statutory framework of enforcement procedures of the FLSA and those of Title VII are crucially different, but this difference highlights even more why Rule 23 is not needed in FLSA suits. The FLSA procedure, in effect, constitutes a congressionally developed alternative to the F.R. Civ. P. 23 procedures."). The Fifth Circuit has referred to the two-step approach as the typical manner in which collective actions proceed. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 at 915 n.2 (5th Cir. 2008). Accordingly, this Court should apply the *Lusardi* approach.

The first step of the *Lusardi* analysis is the "notice stage." *See Tolentino*, 716 F. Supp. 2d at 647. During the notice stage, the court "makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard and typically results in 'conditional certification' of a

representative class. *Id.* If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in. *See Mooney*, 54 F.3d at 1214. At this stage, courts generally "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . .." 54 F.3d at 1214 n. 8. As one court explained, "[a] factual basis for the allegations must be presented, and there must be a showing of some identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency." *See Tolentino*, 716 F. Supp. 2d at 647 (citation omitted).

Generally, a plaintiff must show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Morales v. Thang Hung Corp.*, Civil Action No. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009) (attached as Exhibit 1). This standard is "less stringent" than the Rule 23 class action requirements. *See Cantu v. Vitol, Inc.*, Civil Action No. H-09-0576, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009) (attached as Exhibit 2); *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov 19, 2007) (citing cases) (attached as Exhibit 3). And, "recently, many courts in this district have done away with the third requirement." *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 462 (S.D. Tex. 2015) (quoting *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) ("Liberally construing the FLSA to effect its purposes, the court finds that it is enough for the plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit")).

A court may deny conditional certification and notice "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice. However, the court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated. The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively." *Albanil v. Coast 2 Coast, Inc*., Civil Action No. H-08-486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008) (internal quotation marks and citations omitted) (attached as Exhibit 11). If the court conditionally certifies the class during the notice stage, the action "proceeds as a representative action throughout discovery." *See Mooney*, 54 F.3d at 1214.

*Lusardi*'s second step is triggered when a defendant files a motion for decertification, after completion of discovery. *Id*. "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – *i.e*. the original plaintiffs – proceed to trial on their individual claims." *Id*.; *Tolentino*, 716 F. Supp. 2d at 647. Notification to prospective claimants issue when a court conditionally certifies the case as a collective action suit under Section 216(b), and the court "may exercise its discretion in defining the class of plaintiffs who will receive notice and how they will be notified." *Id.* at 647-48.

"Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc*., 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (citing *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870 (N.D. Iowa 2008) ("[W]hether at the first or second step in the §

216(b) collective action certification process, plaintiffs need not prove the merits of their claim. That is, plaintiffs do not have to show that the employer actually violated the FLSA").

### B. Plaintiff satisfies the lenient legal standard for conditional certification of a FLSA collective action.

This Court must determine whether Plaintiff has satisfied his burden to demonstrate that conditional class certification is proper. In the notice stage, a court will customarily make a decision "based only on the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1213-14. As set forth below, Plaintiff satisfies the lenient standard for conditional certification.

#### 1. First, there is a reasonable basis for crediting the assertion that aggrieved individuals exist.

To satisfy this requirement, Plaintiff "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Villarreal*, 751 F. Supp. 2d at 916-17. Plaintiff easily does so. In his Declaration, Plaintiff specifically alleges that at any one time, Defendant had multiple Field Investigators doing the same work he was doing.[2] Plaintiff further averred that all of these employees were subject to Defendant's illegal no overtime pay scheme.[3]

#### 2. Second, those other aggrieved individuals are similarly situated to Plaintiff in relevant respects given the claims and defenses asserted.

The potential class plaintiffs are considered "similarly situated" to the named plaintiff if they are "'similarly situated' with respect to their job requirements and with regard to their pay provisions. As Judge Lee Rosenthal stated, "[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not

---

[2] Avila Declaration, ¶ 5.
[3] Avila Declaration, ¶ 5.

from any generally applicable rule, policy, or practice." *McKnight*, 756 F. Supp. 2d at 801 (quoting *England v. New Century Fin. Corp*., 370 F. Supp. 2d 504 (M.D. La. 2005); *see also Tolentino*, 716 F. Supp. 2d at 649-50 (quoting *Yaklin*, 2008 WL 1989795, at *2 (internal citations omitted)).

Plaintiff easily satisfies this test. Plaintiff's claim is not "purely personal" to him. Rather, it is expressly based on a generally applicable rule, policy, or practice – specifically, the illegal pay scheme with no overtime pay plan that Defendant subjected its Field Investigators.[4] Thus, Plaintiff and the putative opt-in claimants are a cohesive and homogeneous group all subject to the same policy and practice that fit perfectly within the letter and the spirit of the FLSA collective action. *See Dreyer v. Baker Hughes Oilfield Operations, Inc*., Civil Action No. H-08-1212, 2008 WL 5204149, at *2 (S.D. Tex. Dec. 11, 2008) (granting class certification of employees on same work team) (attached as Exhibit 12); *Johnson v. TGF Precision Haircutters, Inc*., 319 F. Supp. 2d 753, 754-55 (S.D. Tex. 2004) ("The standard applied is a lenient one . . ..").

In sum, there is nothing "purely personal" about the Plaintiff's claims. He and the rest of the members of the proposed class were all subject to the same illegal pay scheme.[5]

Thus, Plaintiff has satisfied this requirement for conditional certification and the case should be certified as a collective action.

---

[4] Avila Declaration, ¶¶ 4-5.
[5] Avila Declaration, ¶¶ 4-5.

      **3. While some courts suggest that plaintiff must demonstrate that other persons want to opt into this lawsuit, such a requirement should not be applied under the facts of this case.**

**a) Some courts have held that this requirement does not apply.**

This is not a statutory requirement, and many courts have rejected it. *Argo v. Precision Drilling Co., LP*, Civil Action No. 4:15-cv-604, 2015 WL 9319233, at *1 (S.D. Tex. Dec. 23, 2015) ("Some courts also require the plaintiffs to demonstrate that other individuals are interested in opting in to the lawsuit. This Court has rejected that requirement because it is 'at odds with the Supreme Court's command that the FLSA be liberally construed to effect its purposes'") (internal citations omitted) (attached as Exhibit 13); *Barajas v. Acosta*, Civil Action No. H–11–3862, 2012 WL 1952261 (S.D. Tex. May 30, 2012) (attached as Exhibit 14). ("Many courts have determined that plaintiffs do not need to present evidence that potential opt-in plaintiffs desire to opt-in."). *See also Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007).

U.S. Magistrate Judge Nancy Johnson also rejected this requirement, explaining:

> The court agrees that a plaintiff need not present evidence at this stage of the third element, that aggrieved individuals actually want to opt in to the lawsuit. There are several reasons for this. First, as already stated, this element is not a statutory requirement at this stage. *See* 29 U.S.C. § 216(b). Second, this element has not been required, or even discussed, by any higher court opinion that this court has been able to find or to which the parties have cited. Rather, the Fifth Circuit's discussion of the *Lusardi* approach only requires, at the first stage, that "putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *See Acevedo*, 600 F.3d at 519 (citing *Mooney*, 54 F.3d at 1213-14). Third, unlike under Rule 23, there is no numerosity requirement in a FLSA class action lawsuit under the *Lusardi* approach. *See, e.g., Badgett v. Tex. Taco Cabana, L.P.*, No. Civ. A.H 05-3624, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006) (Lake, J.) (unpublished) (citing *Mooney*, 54 F.3d at 1214 & n. 8) (stating that "at the notice stage [in a FLSA action using the *Lusardi* approach], courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" (internal quotations omitted)). Fourth, this element,

> requiring evidence of purported class members who are willing to join a class action before an appropriate class is even determined, is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes. *See Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290, 296, 105 S. Ct. 1953, 85 L.Ed.2d 278 (1985). Liberally construing the FLSA to effect its purposes, the court finds that it is enough for the plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit.

*Villarreal*, 751 F. Supp. 2d at 916.

**b) Under the facts of this case, Plaintiff should not have to establish the interest of other collective action members.**

Here, Plaintiff did not work with other potential class members and instead traveled from various location to location alone and has little contact with former or current employees of Defendant.[6] In a similar situation, Judge Rosenthal refused to enforce any purported requirement that the Plaintiff demonstrate that others are interested in joining a collective action:

> NCRC's argument that a collective action should not be certified because Gibson has failed to show that other class members are interested in joining the suit is unpersuasive. Gibson concedes that he cannot meet this requirement but contends that it is inappropriate in light of his work conditions. NCRC field service employees did not report to an office, where they would get to know each other. Instead, they traveled directly from their homes to work sites. *See, e.g.*, Docket Entry No. 27–3, ¶ 5 ("Only in rare circumstances have I ever worked with any other service technician."). In cases arising out of such work conditions, the requirement to show other interested individuals before notice is issued creates a "chicken and egg" problem, *see Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 838 (N.D. Cal. 2010); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08–cv–00722–RCJ–PAL, 2009 WL 102735, at *12 (D. Nev. Jan. 12, 2009); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) (discussing the "chicken and egg" problem in the context of showing that a pro- posed class is similarly situated); *Sperling*, 118 F.R.D. at 406 (same). Many courts confronted with such a record do not require a plaintiff to show that other

---

[6] Avila Declaration, ¶ 2.

> class members are interested in joining the litigation. *See, e.g.*, *Amendola v. Bristol–Myers Squibb Co.*, 558 F. Supp. 2d 459, 466 (S.D.N.Y. 2008) ("FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plain-tiffs."); *Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 622 & n. 7 (D. Conn. 2007). Gibson has identified a significant number of other similarly situated field service technicians. In light of what the present record reveals about the circumstances of Gibson's employment, it is inappropriate to require a showing that other similarly situated plaintiffs are interested in joining the litigation before conditionally certifying a collective action and issuing notice.

*Gibson v. NCRC, Inc.*, Civil Action No. H–10–1409, 2011 WL 2837506, at *7 (S.D. Tex. July 18, 2011) (attached as Exhibit 15). The same is true here.

Nonetheless, Plaintiff was contacted by another Field Investigator who expressed interest in joining this lawsuit and anticipates that the Field Investigator will join this lawsuit soon.[7]

### C. Plaintiff satisfies the standard to certify this case as a collective action.

In conclusion, all the relevant factors militate in favor of granting this motion, conditionally certifying this action, and authorizing Plaintiff to issue notice of opt-in rights to Defendant's Field Investigators who were not paid overtime so they too may claim the unpaid overtime compensation that Defendant owes them for the past three years.

## VII. THE PROPOSED NOTICE IS PROPER

A proposed notice and consent form are attached as Exhibits 19 and 20. The notice complies with the rules applicable in these types of cases, and it is fair to both Plaintiff and Defendant. Plaintiff proposes that it be sent both by hard copy and by e-mail.

---

[7] Avila Declaration, at ¶ 6.

## VIII. CONCLUSION

Plaintiff respectfully requests that the Court grant this motion to certify a collective action and to issue opt-in notices and consent forms to all persons who worked as Field Investigators for Defendant from three years prior to the date the Court grants Plaintiff's motion to the present.

Plaintiff also seeks an order from the Court that Defendant produce to Plaintiff's counsel in a usable electronic format no later than seven days from entry of the Court's Order, the names, last known personal and residential addresses, last known residential and cell phone numbers, personal and work e-mail addresses, last four digits of their Social Security Number, and dates of work of all persons who performed work for Defendant as Field Investigators in the three years prior to the date the Court grants Plaintiff's Motion for Conditional Certification of a Collective Action to the present. A corporate representative of Defendant should verify such information as complete and accurate. *See Luvianos v. Gratis Cellular, Inc.*, Civil Action No. H-12-1067, 2012 WL 6737498, at *10 (S.D. Tex. Dec. 10, 2012) (certifying a collective action and stating that, "the court finds that disclosure to Plaintiffs' counsel of employees' full names, last known mailing addresses, phone numbers, and email addresses, and dates of employment is not unduly invasive") (attached as Exhibit 16); *Davis v. Mostyn Law Firm, P.C.* Civ. Action No 4:11-cv-02874, 2012 WL 163941, at *11 (S.D. Tex. Jan. 19, 2012) (requiring production of such information under oath within seven days) (attached as Exhibit 17); *McKnight*, 756 F. Supp. 2d at 809 (requiring production of telephone numbers and other information); *Meyers*, 2010 WL 2710676, at *4 (requiring production of last four digits of Social Security Numbers) (attached as Exhibit 6); *Tolentino*, 716 F. Supp. 2d at 655-56 (ordering production of names, addresses, phone numbers, and e-mail addresses); *Eggelston v. Sawyer Sports Bar, Inc.*, Civil Action No.

4:09-3529, 2010 WL 2639897, at *4 (S.D. Tex. June 28, 2010) (requiring production of e-mail addresses) (attached as Exhibit 18).

Plaintiff also requests an order from the Court prohibiting Defendant from communicating directly or indirectly with any current or former employees who are putative collective action members about any matters which touch or concern the settlement of any outstanding wage claims or other matters related to this suit during the opt-in period, so as to preserve the putative collective action members' right to make free and voluntary choices about whether to join this case. *See, e.g.*, *Davis*, 2012 WL 163941 at *11 (issuing such an order when granting plaintiff's motion for conditional certification); (Exhibit 17) *Vargas*, 2010 WL 730155, at *12 (same) (attached as Exhibit 7).

Plaintiff also requests that potential Plaintiffs be given 45 days to opt-into this lawsuit, and that Plaintiff's counsel be allowed to send notice and consent forms to opt-in Plaintiffs at least two times through the U.S. mail and two times via e-mail during the 45-day period.

Plaintiff has provided the Court with a proposed Order granting the requested relief.

Finally, Plaintiff prays for all other relief to which he is justly entitled.

Respectfully submitted,

**THE CRAIGHEAD LAW FIRM, PLLC**

By: /s/ Clayton D. Craighead
Clayton D. Craighead
State Bar No. 24065092
S.D. Texas No. 958992
440 Louisiana, Suite 900
Houston, TX 77002
(832) 798-1184 – Telephone
(832) 553-7261 – Facsimile
clayton.craighead@thetxlawfirm.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2018, a true and correct copy of the foregoing document is being served on all counsel of record via the CM/ECF system and/or email.

Ismael Hugo Hinojosa
Texas Bar No. 24041102
S.D. Texas No. 584629
855 E. Harrison Street
Brownsville, TX 78520-7173
Tel: (956) 504-0014
Ismael.hinojosa@me.com

Reed F. Morris
Colorado Bar No. 36170
3200 Cherry Creek South Drive, Ste 650
Denver, Colorado 80209
Tel: 303-927-0011
Fax: 303-722-8502
rmorris@mlmw-law.com

ATTORNEYS FOR DEFENDANT

/s/ Clayton D. Craighead
Clayton D. Craighead