# EXHIBIT 1

⚠️ Caution
As of: June 6, 2018 10:28 PM Z

# Morales v. Thang Hung Corp.

United States District Court for the Southern District of Texas, Houston Division

August 14, 2009, Decided; August 14, 2009, Filed

CIVIL ACTION 4:08-2795

**Reporter**
2009 U.S. Dist. LEXIS 71765 *; 2009 WL 2524601

FLORENCIO MORALES, Plaintiff, v. THANG HUNG CORPORATION, et al., Defendants.

## Core Terms

notice, employees, similarly situated, join, Supermarket, overtime, collection action, class member, potential plaintiff, opt in, requirements, conditional, certification, individuals, certify

**Counsel: [*1]** For Florencio Morales, Plaintiff, Counter Defendant: David I Moulton, Bruckner Burch PLLC, Houston, TX.

For Thang Hung Corporation, Defendant, Counter Claimant: Peter Costea, Attorney at Law, Houston, TX.

For Lam Family Investments, LLC, Long K. Lam, Ten K Lam, Defendants: Peter Costea, LEAD ATTORNEY, Attorney at Law, Houston, TX.

For Hien M Chiem, Defendant: Peter Costea, Attorney at Law, Houston, TX.

**Judges:** Gray H. Miller, United States District Judge.

**Opinion by:** Gray H. Miller

## Opinion

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for conditional certification and notice to potential class members. Dkt. 27. Having considered the motion, the responses, the evidence of record, and the applicable law, the court is of the opinion that the motion should be denied.

### I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case involving overtime compensation. The named plaintiff, Florencio Morales ("Morales"), was employed at the seafood counter of Thang Hung Supermarket, a supermarket owned by defendants Thang Hung Corporation, Lam Family Investments, LLC, Long K. Lam, Ten K. Lam, and Hien M Chiem (the "Supermarket"). He alleges that he worked for a salary and frequently worked over forty **[*2]** hours per week without being paid overtime. *Id.*

According to Morales, he complained about working overtime and was told that he would receive a raise later if he continued to work hard. *Id.* He also alleges that many of his coworkers also worked over forty hours a week without receiving overtime pay. *Id.* Morales has provided evidence that at least eighteen other Supermarket workers who should have received overtime pay were paid a salary without overtime. *Id.* He also provided the names of three employees who he believes will join this action if they receive notice.

Plaintiff now moves the court to grant conditional class certification to the group of "[a]ll salaried supermarket employees who, at any point during the past three years, worked more than forty hours per week in Thang Hung supermarket." *Id.* In his motion, plaintiff requests that the court notify other members of the putative class of their right to join this lawsuit for claims of unpaid overtime compensation, claiming that some of them will opt in if they know of their rights. *Id.* Plaintiff also requests that the court order defendants to disclose the names and last know addresses of all employees within the conditionally **[*3]** certified class for the purpose of facilitating delivery of any court-authorized notice. *Id.*

Defendants filed a response in opposition, arguing that Morales's motion should be denied because (1) Morales has not adequately proven that he was not paid overtime since he has not provided complete time records for the past three years; (2) it is moot because

defendants have tendered to the potential plaintiffs payment of any unpaid wages to which they might otherwise have been entitled; (3) the potential plaintiffs have signed releases not to sue or pursue legal action against defendants; (4) the other employees of defendants whom plaintiff seeks to join in this action are not similarly situated to him; (5) there is not sufficient evidence that any similarly situated employees want to join the action; and (6) the other legal requirements for the issuance of the notice have also not been met. Dkt. 29.

## II. ANALYSIS

### A. Legal Standard

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. *29 U.S.C. § 207(a)*. Section 216(b) creates a cause of action against employers who violate the [*4] overtime compensation requirements. *29 U.S.C. § 216(b)*. Section 216(b) also permits an employee to bring suit against an employer on "behalf of himself . . . and other employees similarly situated." *29 U.S.C. § 216(b)*. Employees who wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing with the court a written consent to become a party. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under *Federal Rule of Civil Procedure 23(c)*; in a *Rule 23* proceeding, persons within the class description are automatically considered class members and must "opt out" of the suit if they do not wish to participate. *Lachappelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975)*.

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a *§ 216(b)* action, most federal courts (including this court) have adopted the *Lusardi* test when deciding these issues. See *Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)*, overruled on other grounds, *Desert Palace, Inc. v. Costa, 539 U.S. 90, 90-91, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)* [*5] (discussing the test applied in *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)*, declining to adopt a specific standard, and finding no abuse of discretion where district court applied the *Lusardi* test); *Badgett v. Texas Taco Cabana, L.P., No. H-05-3624, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1-2 (S.D. Tex. Oct. 12, 2006)*. Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis. *Mooney, 54 F.3d at 1213*.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1*. At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *Id.; Mooney, 54 F.3d at 1213*. The decision is made using a "fairly lenient standard," because the court often has minimal evidence at this stage of the litigation. At the notice stage, "courts appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan. . ." *Mooney, 54 F.3d at 1214* (quoting [*6] *Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392, 407 (D.N.J. 1988)*, aff'd in part and appeal dismissed in part, *862 F.2d 439 (3d Cir. 1988)*, aff'd and remanded, *493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989))*. Notice does not issue unless the court conditionally certifies the case as a collective action. *Maynor v. Dow Chem. Co., No. G-08-504, 2008 U.S. Dist. LEXIS 42488, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)*. If the district court conditionally certifies a class and authorizes notice, putative class members are notified of their opportunity to opt in as plaintiffs under *§ 216(b)*. *Mooney, 54 F.3d at 1214*. The action then proceeds as a representative action during discovery. *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1*. During the "decertification stage," the court reexamines the class, usually on motion by the defendant, after notice has issued, an opt-in period has concluded, and discovery is largely complete. *2006 U.S. Dist. LEXIS 74530, [WL] at *2*. If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id*. If the class is still similarly situated, the court allows the action to proceed. *Id*.

The instant case is at the notice [*7] stage. While the notice stage standard is lenient, it is not automatic. *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *2*. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id*. To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in

relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor, 2008 U.S. Dist. LEXIS 42488, 2008 WL 2220394, at *6* (referencing *Prater v. Commerce Equities Mgmt. Co., No. H-07-2349, 2007 U.S. Dist. LEXIS 85338, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007)*; *Simmons v. T-Mobile USA, Inc., No. H-06-1820, 2007 U.S. Dist. LEXIS 5002, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007)*. A court may deny conditional certification and notice "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id*. (quoting *England v. New Century Fin. Corp., 370 F. Supp. 2d 504, 507 (M.D. La. 2005))*. However, the court "need not find uniformity in each and every aspect of employment **[*8]** to determine a class of employees are similarly situated." *Id*. (quoting *Holbrook v. Smith & Hawken, Ltd., 246 F.R.D. 103, 106 (D. Conn. 2007))*. The remedial nature of the FLSA and § 216 "militate strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Intern. Inc., No. H-05-3733, 2008 U.S. Dist. LEXIS 52568, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008)*.

## B. Discussion

Defendants' first three arguments listed above, that Morales has not adequately proven his unpaid overtime, that defendants have already tendered payment to potential plaintiffs, and that the potential plaintiffs have signed releases, can be disposed of quickly. These are merit-based arguments, which are not appropriately considered during the notice stage of a collective action. *Villatoro v. Kim Son Restaurant, L.P., 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003)*. Their disposition is irrelevant in determining whether Morales has made a showing that there are similarly situated employees who want to opt in to this collective action.

Defendants' fourth and fifth arguments, that the other putative class members are not similarly situated and that there is no evidence that any of them want to opt in, require more attention. Plaintiff's **[*9]** putative class includes all employees of the Supermarket who worked for a salary and worked over forty hours per week at any point in the past three years. This description of the class includes supermarket management, seafood counter workers, and presumably many other classes of supermarket employees. A finding of similarly situated employees does not require a showing of identical duties and working conditions across the entire group. *Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)*. However, it does require a minimal showing that all members of the class are similarly situated in terms of job requirements and payment practice. Morales has not shown that the Supermarket management members are similarly situated to the other employees of the Supermarket, and common practice would indicate that they are not. Accordingly, Moreno's proposed notice group includes employees who are not similarly situated.

While Morales could likely cure this problem by redefining the group of employees with more specificity, his motion for conditional certification and notice fails for a second reason. "[A] plaintiff must do more than show the mere existence of other similarly situated **[*10]** persons, because there is no guarantee that those persons will actually seek to join in the lawsuit." *Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007)*. Morales has not made this showing. "Affidavits from potential class members affirming their intention to join the suit are ideal for analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'" *Simmons, 2007 U.S. Dist. LEXIS 5002, 2007 WL 210008, at *9* (quoting *Mooney, 54 F.3d at 1214 n.8*); see also *D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995)*.

Morales states in his affidavit that he believes there are three other employees who would be interested in joining the suit. Dkt. 27. However, other than one consent filed with the court, there is no indication that these or any other individuals actually want to join the suit. There is one consent to join a collective action on file with the court. Dkt. 28. It was filed by Miguel Moreno (one of the three individuals named by Morales) and states that Mr. Moreno wishes to be a part of this action. *Id*. One affidavit is not enough to establish that the collective action, along with the expensive notice it requires, is the most **[*11]** efficient way to proceed with litigation. Morales needs to show more, and unless and until he does, the court will not certify the collective action.

Defendants' final argument is that the notice proposed by Morales does not meet the legal requirements for notice and is an inappropriate solicitation by plaintiff's counsel. This issue need not be reached, since the court finds that no notice is necessary.

## III. CONCLUSION

Since Morales has not adequately shown the court that a collective action is the best way to proceed, his motion for conditional certification and notice to the putative class (Dkt. 27) is DENIED. However, it is denied without prejudice to resubmission if he is later able to submit more persuasive information showing that other similarly situated employees want to join the litigation. If Mr. Moreno still desires to join this litigation, he should file a motion for leave to join the action as an additional plaintiff.

Signed at Houston, Texas on August 14th, 2009.

/s/ Gray H. Miller

Gray H. Miller

United States District Judge

**End of Document**

Clayton Craighead