# EXHIBIT 5

Positive
As of: June 6, 2018 10:34 PM Z

# Foraker v. Highpoint Southwest, Servs. L.P.

United States District Court for the Southern District of Texas, Houston Division

September 7, 2006, Decided ; September 7, 2006, Filed

CIVIL ACTION NO. H-06-1856

**Reporter**
2006 U.S. Dist. LEXIS 63951 *; 153 Lab. Cas. (CCH) P35,202

CHELIOUS FORAKER, et al., Plaintiffs, v. HIGHPOINT SOUTHWEST, SERVICES, L.P., Defendants.

## Core Terms

Merchandisers, notice, similarly situated, Plaintiffs', customer, collection action, class member, exempt, certification, conditional, overtime, display, job description, job duties, individuals, employees, parties, opt-in, contends, lawsuit, materially, discovery, retail, join

## Case Summary

**Procedural Posture**
Plaintiffs, employees in the position of field merchandising representative (merchandisers), sued defendant, their employer, in a collective action to recover unpaid overtime wages and compensation under 29 U.S.C.S. § 216(b) of the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq. They sought permission to send a notice explaining the existence of the case and opt-in procedures to prospective class members.

**Overview**
The employer opposed the employees' proposal, arguing that they had not shown that the potential class members were similarly situated to the employees and thus established a factual basis for both notice and conditional certification under § 216(b). The court disagreed, concluding that a preponderance of the evidence supported the employees' contention that merchandisers and workers in the predecessor job category, service representatives, were treated by the employer as a single class of employee and that all were similarly situated. The employer failed to establish meaningful differences in job duties within the single job classification. Moreover, the employer's pay policies consistently applied to all workers in the job category. Thus, the court found that the employees met their burden of showing that members of the proposed group of recipients for notice of the collective action were similarly situated to the employees in terms of job duties and the employer's pay policies.

**Outcome**
The court granted the employees' request to give notice to potential class members, and conditionally certified the case as a collective action.

## LexisNexis® Headnotes

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### *HN1*[ ] Remedies, Class Actions

Fair Labor Standards Act § 16(b), *29 U.S.C.S. § 216(b)*, provides that a person may maintain an action on behalf of himself and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. *29 U.S.C.S. § 216(b)*. A representative action brought pursuant to this provision follows an "opt-in" rather than an "opt-out" procedure.

Civil Procedure > Special Proceedings > Class Actions > Judicial Discretion

Civil Procedure > Special Proceedings > Class Actions > Notice of Class Action

### *HN2*[ ] Class Actions, Judicial Discretion

District courts have the discretion to implement the *29*

U.S.C.S. § 216(b) collective action procedure by facilitating notice to potential plaintiffs. Such a notice should be timely, accurate, and informative.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### HN3[ ] Remedies, Class Actions

A court at the notice stage of the two-step "similarly situated" inquiry under 29 U.S.C.S. § 216(b) determines--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is usually made using a fairly lenient standard, and typically results in conditional certification of a representative class. However, even this lenient standard apparently requires substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. A factual basis for the allegations is therefore needed to satisfy this first step. Courts may emphasize finding some identifiable facts or legal nexus that bind the claims so that hearing the cases together promotes judicial efficiency. A court may deny the plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### HN4[ ] Remedies, Class Actions

If a court conditionally certifies a class under 29 U.S.C.S. § 216(b), the action proceeds as a collective action during discovery, and potential class members are given notice and the opportunity to opt-in.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### HN5[ ] Remedies, Class Actions

The second stage of the two-step "similarly situated" inquiry under 29 U.S.C.S. § 216(b) is typically precipitated by a motion for decertification by the defendant after discovery is largely complete. If the additional claimants are similarly situated, the district court allows the representative action to proceed. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### HN6[ ] Remedies, Class Actions

In a collective action under 29 U.S.C.S. § 216(b), the facts concerning willfulness or bad faith must be elicited during discovery.

**Counsel:** [*1] For Chelious Foraker, Jessie Passfuma, Linda Wiggins, Michael Griblin, Plaintiffs: Richard J Burch, Bruckner Burch PLLC, Houston, TX.

For Highpoint Southwest Services, L.P., Defendant: Harold D Jones, Anderson Jones PLLC, Dallas, TX.

**Judges:** Nancy F. Atlas, United States District Judge.

**Opinion by:** Nancy F. Atlas

## Opinion

**MEMORANDUM AND ORDER**

This Fair Labor Standards Act case, 29 U.S.C. § 201 et seq. ("FLSA"), was filed originally by Chelious Foraker, Jessie Passfuma, Linda Wiggins, and Michael Griblin ("Plaintiffs") as representatives of others in a collective action to recover unpaid overtime wages and compensation under § 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs seek permission to send a notice explaining the existence of this case and "opt-in" procedures to all individuals who have been employed by Highpoint as "Field Merchandising Representatives" ("Merchandisers") within the last three years and seek conditional certification of a class in a collective action. Defendant Highpoint Southwest Services, LP ("Highpoint") opposes sending any notice and, alternatively, if notice is to be sent, objects to numerous aspects of [*2] Plaintiffs' proposal. [1]

---

[1] See Highpoint's Brief in Support of Position Regarding Conditional Certification and Proposed FLSA Notice [Doc. #

## I. FACTUAL BACKGROUND

Plaintiffs each are or were Merchandisers employed by Highpoint. Approximately twenty-six additional individuals have filed a "Notice of Consent" stating that they "consent" to be a party plaintiff in this suit. [2]

 [*3]  According to the pleadings, Highpoint is a "service merchandising company in the retail industry which specialized in the Home Improvement industry." [3] Highpoint allegedly employs more than 600 people, more than half of whom are Merchandisers. Plaintiffs allege that Merchandisers work inside retail stores operated by Highpoint's clients, such as Home Depot, in several states. It appears that Merchandisers primarily handle plants supplied by various venders to Home Depot. Plaintiffs allege Merchandisers spend at least some of their time unloading large pallets of merchandise and placing the merchandise on display tables. The parties basically agree that Merchandisers are sometimes involved in heavy labor; Plaintiffs assert that they are laborers who are "regularly required to lift up to 25 pounds [and are] occasionally required to lift up to 100 pounds." [4]

 [*4]  Highpoint urges that at times the Merchandisers are engaged in retail sales to Highpoint client stores' customers, but the record suggests that the Merchandisers, if they are present when a Home Depot customer has a questions, merely give information about the products on display. The parties agree that the only educational "requirement" for a Merchandiser is a high-school diploma or general education degree and that no prior experience is necessary. Merchandisers can be sent to Highpoint's store-customers' locations shortly after being hired. Plaintiffs allege that Merchandisers do not exercise discretion and independent judgment within the meaning of the FLSA in performing their work because Highpoint gives Merchandisers specific instructions, *e.g.*, where to place the merchandise for display. It appears that the parties agree that "a Merchandiser's job may involve skill," but they disagree about the extent of discretion and/or independent judgment involved day to day. [5] Plaintiffs allege--and Highpoint does not meaningfully dispute--that Merchandisers generally work on their own at customers' locations, and do not customarily and regularly supervise two or more full-time employees [*5]  (or their equivalent). [6]

Plaintiffs challenge Highpoint's alleged policy requiring Merchandisers regularly to work in excess of forty hours per week for which they are not paid at one-and-one-half times their regular hourly rates for hours worked in excess of forty each workweek. Plaintiffs allege, and Highpoint does not provide any evidence to the contrary, that Merchandisers are paid [*6]  according to a single pay plan that does not include any overtime pay.

Highpoint opposes notice to potential plaintiffs and conditional certification of this case as a collective action, contending Plaintiffs have not established a factual basis for these steps because Plaintiffs have not established that potential class members are similarly situated. Highpoint contends this case requires a fact-intensive inquiry into each employee's exempt/non-exempt status. [7] Plaintiffs counter that the fact that

---

20] ("Highpoint's Brief"); Affidavit of Peggy Jean Rickey [Doc. # 21] ("Rickey Affidavit"); Highpoint's Supplemental Brief in Opposition [Doc. # 22] ("Highpoint's Supplemental Brief"); Plaintiffs' Response [Doc. # 25]; and Highpoint's Second Supplemental Brief in Opposition [Doc. # 29].

[2] These individuals also agree to be represented by and be bound by the attorney retainer agreement of Plaintiffs' counsel, Bruckner Burch PLLC. There is an issue of whether Corinna Salazar continues to seek to be a party plaintiff. *See* Doc. # 29.

[3] Original Complaint ("Complaint"), P 7; *see* Highpoint's Original Answer to Complaint ("Answer"), P 7.

[4] Complaint, P 8; *accord* Affidavit of Mark Wakser, Exhibit C to Highpoint's Brief ("Wakser Affidavit"), P 13; Answer, P 8.

[5] *See* Complaint, P 10; Answer P 10. Highpoint offers the following affidavit testimony from one of their current Merchandisers: "My job is displaying the plants for the vendors for sale. My discretion in performing the job is driven by the question: Would you buy this product?" Wakser Affidavit, P 22. This vague, conclusory statement does not meaningfully describe the amount of discretion Merchandisers held in conducting their job duties.

[6] Complaint, P 11; Answer, P 11. *But see* Wakser Affidavit, P 10, explaining that from March through June, the busy season, Wakser supervises one or two temporary workers.

[7] Highpoint offers the Rickey and Wakser Affidavits to support the contention that Merchandisers' jobs in each location differ materially. *E.g.*, Rickey Affidavit, P 3, states that Merchandisers' (and the predecessor job category, Service Representatives') jobs depended "on the needs and management of a particular store, or location, or place, or context. Basically, they kept the customer happy, on location, and some days would have involved plenty of retail interaction,

twenty-six plaintiffs located in four different states have consented to join the suit is evidence that a putative multi-state class exists.

[*7] Plaintiffs point to evidence produced by Highpoint that shows potential class members are sufficiently similarly situated to justify the notice requested. When Highpoint sought guidance on FLSA matters from the United States Department of Labor in August 2005, the company referred to "Merchandisers" as a group and asked if they properly could be considered exempt. [8] [*8] It also appears that, at any one time, Highpoint relied on a single job description for the entire category of workers in issue. One description was in effect as of September 2004 (when one of Highpoint's witnesses, Peggy Jean Rickey, started with the company). [9] Highpoint substituted a second job description in or about July 2005 which "condensed . . . the essential job functions of the merchandisers." [10] Highpoint also admits it used these job descriptions in its business to guide Merchandisers' daily responsibilities. Highpoint states that the descriptions were approximate and described in general terms the duties "many or most merchandisers do, much or most of the time, in many places." [11]

## II. IS NOTICE APPROPRIATE?

### A. Legal Standard

*HN1*[↑] Section 16(b) of the FLSA provides that a person may maintain an action on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *29 U.S.C. § 216(b)*. A representative action brought pursuant to this provision follows an "opt-in" rather than an "opt-out" procedure. See *Mooney v. Aramco Services Co., 54 F.3d 1207, 1212 (5th Cir. 1995)*. [12] *HN2*[↑] District courts have the discretion to implement the collective action procedure by facilitating notice to potential plaintiffs. See *Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)*. Such a notice should be "timely, accurate, and informative." [*9] *Id. at 172*.

The Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context. However, in *Mooney*, the Fifth Circuit reviewed two methodologies courts have used in deciding this question. The Court adopts the prevailing procedure enunciated in *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)*. Under this process, "the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney, 54 F.3d at 1213*. [13]

[*10] *HN3*[↑] The Court at the "notice stage" determines "usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members." *Id. at 1213-14*. "Because the court has minimal evidence, this determination is usually made using a fairly lenient standard, and typically results in

---

while others would have been more about setting up displays." Rickey never defines "customer" (whether a customer is the Home Depot's management or the Home Depot's retail customer).

[8] See Rickey Affidavit, PP 6-7 and attachment A-3.

[9] See *id.*, P 3 and attachment A-1. In this description, the job title was a "Service Representative."

[10] See *id.*, P 4 and attachment A-2.

[11] *Id.*

[12] Although *Mooney* was litigated under the ADEA, it applies here because the ADEA explicitly incorporates *§ 16(b) of the FLSA*. See *Mooney, 54 F.3d at 1212*.

[13] The second methodology is typified by *Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990)*. This approach adopts the view that the "similarly situated" inquiry is coextensive with *Rule 23* class certification. Therefore, using this methodology, the courts look at numerosity, commonality, typicality, and adequacy of representation to determine whether a class should be certified. *Mooney, 54 F.3d at 1214*. The Fifth Circuit in *Mooney* found it unnecessary to decide which of the two methods was appropriate. However, in *LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975)*, the Fifth Circuit found a "fundamental, irreconcilable difference between the class action described by *Rule 23* and that provided for by *FLSA § 16(b)*" because *Rule 23* provides for "opt-out" class actions and *§ 16(b)* provides for "opt-in" class actions. *Id. at 288*. The Circuit stated that "it is crystal clear that *§ 16(b)* precludes pure *Rule 23* class actions in FLSA suits." *Id.* The two-step *Lusardi* process has the advantage of informing the original parties and the Court of the number and identity of persons desiring to participate in the suit. With that information, the parties may ascertain the facts relevant to viability of a collective action and the Court may decide pertinent issues.

'conditional certification' of a representative class." Id. at 1214. However, even this lenient standard apparently requires "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. . . ." Id. at n.8 (citation omitted). A factual basis for the allegations is therefore needed to satisfy this first step. Aguirre v. SBC Communications, Inc. 2006 U.S. Dist. LEXIS 22211, 2006 WL 964554, at * 5 (S.D. Tex. Apr. 11, 2006) (citing Haynes v. Singer Co., 696 F.2d 884, 887 (11th Cir. 1983)). Courts may emphasize finding "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." Id. (citing Barron v. Henry County Sch. Sys., 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003)). "'A [*11] court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" Id. (citing England v. New Century Fin. Corp., 370 F. Supp. 2d 504, 507 (M.D. La. 2005); Barron, 242 F. Supp. 2d at 1104). HN4[↑] If a court conditionally certifies a class, the action proceeds as a collective action during discovery, and "potential class members are given notice and the opportunity to 'opt-in.'" Mooney, 54 F.3d at 1214.

HN5[↑] The second stage is typically precipitated by a motion for "decertification" by the defendant after discovery is largely complete. Id. If the additional claimants are similarly situated, the district court allows the representative action to proceed. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. Id.

**B. Analysis**

Fundamentally, according to Highpoint's job descriptions, the Merchandisers are charged with responsibility for building and maintaining product displays in Home Depot stores. The [*12] plant products are supplied by others to Highpoint. Merchandisers keep track of and tag inventory at Highpoint's customers' stores (i.e., Home Depot locations). They also handle merchandise after it is returned. [14] Merchandisers, while tending to the inventory, also appear to answer Home Depot customers' questions.

Highpoint's witnesses make conclusory assertions that Merchandisers' duties vary from one store to another, but there are no meaningful details to support this generalization or to establish that the variations are [*13] material. While undoubtedly the Merchandisers' duties vary to some degree from day-to-day and possibly from location to location, based on the inventory needs of each Home Depot store on given days, Highpoint's own exhibits suggest that the focus of the job is setting up and caring for certain inventory at the Home Depot facilities. The fact that on different days customers may have questions for a Merchandiser does not change the thrust of the job duties described in Highpoint's own materials. [15] Highpoint also acknowledges that on other days the Merchandisers primarily set up merchandise displays. Moreover, there is no non-hearsay evidence that one Home Depot store had materially different expectations for Merchandisers from another store over an extended period. Highpoint's own job descriptions and Highpoint's correspondence with the Department of Labor demonstrate that Highpoint itself deems all Merchandisers to be in a single job category. Plaintiffs have shown "identifiable facts and a clear nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." See Aguirre, 2006 U.S. Dist. LEXIS 22211 at 15, 2006 WL 964554 at *5.

[*14] Further, Plaintiffs' claim is fundamentally that they routinely worked in excess of forty hours per week, that they did not receive any overtime pay, and that Highpoint's practice or policy of failing to pay overtime affected the proposed class members in exactly the same way as the policy affected the named Plaintiffs. Plaintiffs allege that Highpoint's failure to pay overtime compensation as required by the FLSA derived from a policy or practice applicable to a distinct category of worker--Merchandisers and their predecessor job category, "Service Representatives." Plaintiffs sue over

---

[14] See Rickey Affidavit, attachments A-1 and A-2. Although there are some distinctions between the duties listed in the two job descriptions, Rickey states that the July 2005 job description merely further condensed Merchandisers' "essential job functions." Id., P 4. She thus suggests the new job description is more accurate. Whether job duties changed

with the new description will be a fact issue for discovery after the identities of conditional class members are known.

[15] Highpoint may be suggesting that the Merchandisers are exempt employees because they are involved in outside sales. See 29 U.S.C. § 213(a)(1). The Court need not reach the issue of the applicability of this exemption. Highpoint's affidavits do not establish that Merchandisers are sales people. If anything, the affidavits suggest that the Merchandisers merely provide information to Home Depot customers concerning the products the Merchandisers display.

a pay policy that was and is generally applicable to all workers to whom Plaintiffs propose to send notice. Plaintiffs have met the lenient standard for notice and conditional certification in a FLSA case by showing that individuals who held positions as Merchandisers (and, before July 2005, Service Representatives) are similarly situated to Plaintiffs in terms of job duties and Highpoint's pay policies. Plaintiffs' basic request to give notice to all Merchandisers for a three year period is granted. [16]

 [*15] Highpoint relies heavily on a case decided recently by the Honorable Lee Rosenthal, *Aguirre v. SBC Communications, Inc. 2006 U.S. Dist. LEXIS 22211, 2006 WL 964554 (S.D. Tex. Apr. 11, 2006)*. In *Aguirre*, the plaintiffs were "call managers" for Southwestern Bell ("SWBT"). Judge Rosenthal declined to send notice and denied conditional collective action certification because the plaintiffs' unsupported conclusory allegations were inadequate to demonstrate, even under the lenient applicable standard, that the employees in issue were sufficiently similarly situated. *2006 U.S. Dist. LEXIS 22211, [WL] at *6-*7*. The *Aguirre* defendants submitted detailed substantive affidavits describing widely varying job duties among two categories of call managers, and among workers in each category. This extensive evidence persuaded Judge Rosenthal that determining whether potential plaintiffs were similarly situated would require a highly individualized and fact-specific inquiry of each employee's daily job duties. [17] *See id.* The case at bar is materially different. As indicated above, the preponderance of the evidence in the limited factual record before this Court supports Plaintiffs' contention that Merchandisers, and workers [*16] in the predecessor job category, Service Representatives, have been treated by Highpoint as a single class of employee and that all are similarly situated. Highpoint fails to establish meaningful differences in job duties within the single job classification it used over the three years in issue. Moreover, Highpoint's pay policies have consistently been applied to all workers in the job category in issue. In sum, the Court is persuaded that Plaintiffs have met their burden to show that members of the proposed group of recipients for notice of this collective action are similarly situated.

### III. <u>FORM AND SCOPE OF NOTICE</u>

Highpoint challenges the form of notice Plaintiffs propose. [18] The Court endorses the goals of Plaintiffs' notice, which is in chart form, because it is simple and to the point. However, there are a few additional matters that deserve comment or [*17] explanation in the notice. Therefore, the Court addresses Highpoint's objections below and will provide the parties with an authorized version of the notice under separate order.

First, Highpoint contends the scope of the notice should be sent only to individuals it employed during the past two years corresponding to the statute of limitations non-willful violations of the FLSA. *See 29 U.S.C. § 255(a)*. Highpoint argues that Plaintiffs have not shown that it willfully violated the FLSA, and only a showing of willfulness warrants a three-year period for notice. *See id.* [19] [*19] Highpoint argues its consultation with the Department of Labor in August 2005 suggests the company acted in good faith. Plaintiffs argue notice should be based on a three-year statute of limitations

---

[16] The Court discusses the appropriate time period for notice in the next section of this Memorandum.

Insofar as Highpoint attempts to defeat notice and conditional certification by contending that the Merchandisers are supervisors and thus exempt from overtime pay requirements under the FLSA's executive exemption, *see 29 U.S.C. § 213(a)(1)*, the argument is rejected. This argument goes to the merits of whether the employees are exempt from overtime pay and is not a persuasive basis to deny notice of this suit to Merchandisers. Nothing in the Merchandisers' job description suggests that Merchandisers generally supervise others. The fact that some Merchandisers may oversee one or two temporary laborers in the four busiest months of the year does not affect the result--on the limited record presented--that all Merchandisers are sufficiently similarly situated to warrant notice of this litigation.

[17] Furthermore, the plaintiffs in *Aguirre* did not controvert SWBT's affidavits. *Aguirre, 2006 U.S. Dist. LEXIS 22211, 2006 WL 964554 at *6*.

[18] Plaintiff's notice is attached as Exhibit A to Plaintiffs' Response.

[19]

The Fifth Circuit has held that the proper test for determining whether a party acted willfully is contained in *McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)*. *Reich v. Bay, Inc., 23 F.3d 110, 117 (5th Cir. 1994)*; *see Singer v. City of Waco, Tex., 324 F.3d 813, 821 (5th Cir. 2003)*. In *Richland Shoe*, the Supreme Court held that violations under the FLSA are willful if the employer "'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Reich, 23 F.3d at 117* (quoting *Richland Shoe, 486 U.S. at 133*).

since willfulness is a question of fact that should not be decided at this early juncture. [20] HN6[↑] The facts concerning willfulness or bad faith **[*18]** must be elicited during discovery. Highpoint cites no authority that requires Plaintiffs at this early stage to make a detailed factual showing on these matters. The objection is overruled. Notice will go to all individuals who worked as Merchandisers or Service Representatives during the three year period before this ruling. However, the notice shall explain clearly that claims of employees who have not worked for Highpoint within the past two years may be time-barred and, if so, no recovery will be available.

Highpoint also contends Plaintiffs' proposed notice is open-ended and does not give enough information. Highpoint states that at least one person who "consented" to opt-in did not know she was joining a lawsuit. The Court agrees that a little more detail in this regard is appropriate and will include necessary language in the approved notice.

Highpoint also objects that Plaintiffs' proposed notice is too broad geographically. As of now only employees from Texas, Missouri, Louisiana, and Oklahoma have filed consents. Highpoint requests that notice be restricted to those states. Plaintiffs seek to notify all Merchandisers, regardless of their location. **[*20]** This objection is overruled. Highpoint has not established any distinctions in its own policies among Merchandisers in different states. Nor is there any evidence that the jobs of Merchandisers differed materially between states in which opt-in Plaintiffs live as compared to the states where other Highpoint Merchandisers worked.

Highpoint also argues Plaintiffs' proposed notice presents a false choice by suggesting a putative class member must choose between joining the lawsuit or not making a claim at all. Plaintiffs' proposed notice states: "If you do not want to claim overtime, simply do nothing." [21] Highpoint proposes:

> You do not have to file a consent notice. Your rights to wages are not lost if you do not want to join this Houston-based lawsuit. If you do not want to be represented by this Houston, Texas law firm, or if you do not want to file a federal lawsuit at this time and would rather examine other options, or if you would prefer to make a claim in a different jurisdiction or district, or if you do not wish to litigate and be deposed and be involved in discovery; you should not file this consent form. [22]

The Court will adjust Plaintiffs' proposed language **[*21]** to meet this objection, but will use more simple terms.

Highpoint also complains that Plaintiffs misrepresent its position by stating in their proposed notice that "[Highpoint] says that it paid its workers correctly." [23] Highpoint contends its "position is that (1) it acted in good faith at all times, to (2) to determine whether Merchandisers were exempt, and (3) sought guidance from the Department of Labor long before this lawsuit was filed, but (4) there is still a determination to be made whether exemptions are present here, as well as (5) a determination whether all Merchandisers are similarly situated under the FLSA, and (6) Highpoint wants to (and will) follow the law when it has been correctly and finally ruled upon in this matter. [24] Many of these points are extraneous for purposes of giving workers and former workers notice of the lawsuit and their opportunity to join. However, the Court will include in **[*22]** the notice reference to Highpoint's items (1), (4), and (5).

Highpoint also requests that the notice inform class members that they could be liable for court costs. The Court will address this point in the notice.

## IV. CONCLUSION

Plaintiffs have met their burden to show that members of the proposed group of recipients for notice of this collective action are similarly situated. It is therefore

**ORDERED** that the Court will conditionally certify this case as a collective action. The Court will provide the parties with its approved version of the class notice under separate order.

---

[20]

See *Villatoro v. Kim Son Restaurant, L.P., 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003)* (Atlas, J.) ("Defendant Kim Son also has various objections to the scope of the proposed class and the time period that any class should cover. . . . Most, if not all of these objections, go to the merits of the action or the forum in which these claims ultimately should be resolved, not whether notice to potential claimants should be given.").

[21] Exhibit A to Plaintiffs' Response.

[22] Highpoint's Supplemental Brief, at 2.

[23] *Id.*

[24] *Id.* at 2-3.

**SIGNED** at Houston, Texas, this **7th** day of **September, 2006**.

Nancy F. Atlas

United States District Judge

---

**End of Document**