# **EXHIBIT 6**

 Cited
As of: June 6, 2018 10:34 PM Z

# Meyers v. Pioneer Exploration LLC

United States District Court for the Southern District of Texas, Houston Division

July 6, 2010, Decided; July 6, 2010, Filed

CIVIL ACTION 4:09-2256

**Reporter**
2010 U.S. Dist. LEXIS 66968 *; 16 Wage & Hour Cas. 2d (BNA) 613; 2010 WL 2710676

JOE EDWARD MEYERS, Plaintiff, v. PIONEER EXPLORATION LLC., Defendant.

## Core Terms

employees, notice, similarly situated, individuals, travel time, overtime, certification, putative class member, hourly, opt in, declarations, settlement, certify

**Counsel:** [*1] For Joe Edward Meyers, Petitioner: Jeremi Kaleb Young, LEAD ATTORNEY, The Young Law Firm PC, Amarillo, TX.

For Pioneer Exploration LLC, Defendant: W Clark Lea, LEAD ATTORNEY, Cotton Bledsoe et al, Midland, TX.

**Judges:** Gray H. Miller, United States District Judge.

**Opinion by:** Gray H. Miller

## Opinion

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for conditional certification and notice to potential class members. Dkt. 11. Having considered the motion, the responses, the evidence of record, and the applicable law, the motion is GRANTED.

### I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case involving overtime compensation. The named plaintiff Joe Edward Meyers ("Meyers"), a truck driver for defendant Pioneer Exploration LLC ("Pioneer"), claims that Pioneer failed to pay him overtime wages. Dkt. 11 at 5. For approximately ten months, beginning in November of 2008, Pioneer implemented a policy applicable to all of its nonexempt, hourly employees in west Texas under which time spent traveling was excluded from those employees' weekly hours of work for the purpose of calculating overtime wages. *Id.* Ijaz Rehman, the Controller of Pioneer, stated in his deposition that he prepared a list [*2] of seventy-eight employees, including Meyers, possibly affected by this policy. Dkt. 11, Ex. A; Dkt. 11, Ex. H. Meyers alleges that Pioneer failed to keep records differentiating its employees' compensable travel time from noncompensable travel time. Dkt. 11 at 8. Meyers also asserts that Pioneer deducted thirty minutes each day for lunch from its employees' calculated work time even when a lunch break was not taken. *Id.* at 7.

Meyers now moves the court for conditional class certification of the group of "[a]ll hourly paid employees of Pioneer Exploration, LLC who have been paid an hourly rate for travel (or "drive time") without additional overtime compensation in workweeks where such employees worked more than 40 hours." *Id.* at 15. In his motion, Meyers requests the court notify other members of the putative class of their right to join this lawsuit for claims of unpaid overtime wages, noting that some putative class members have already opted in and that others may do so if given the opportunity. *Id.* at 14. Additionally, Meyers seeks a court order mandating Pioneer disclose the names, last-known addresses, and last four digits of the Social Security Number of each potential plaintiff. [*3] *Id.* at 15.

### II. ANALYSIS

#### A. Class Certification

The FLSA creates a cause of action for violations of the minimum wage and overtime provisions of the Act. *29 U.S.C. § 216(b)*. Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess

of statutorily defined maximum hours. *29 U.S.C. § 207(a)*. Section 216(b) permits an employee to bring suit against an employer on "behalf of himself . . . and other employees similarly situated." *29 U.S.C. § 216(b)*. Employees who wish to participate in a § 216(b) collective action must affirmatively opt in by filing with the court a written consent to become a party. *Id*. The opt-in procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c). *Lachappelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975)*. In a *Rule 23* proceeding, persons within the class description are automatically considered class members and must opt out of the suit if they do not wish to participate. *Id*.

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice **[*4]** in a § 216(b) action, most federal courts (including this court) have adopted the test used in *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)*, when deciding these issues. *See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)*, overruled on other grounds by *Desert Palace, Inc. v. Costa, 539 U.S. 90, 90-91, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)* (finding no abuse of discretion where district court applied the *Lusardi* test); *Badgett v. Texas Taco Cabana, L.P., No. H-05-3624, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1-2 (S.D. Tex. Oct. 12, 2006)*. Under the *Lusardi* test, a district court approaches the question of whether potential plaintiffs are similarly situated through a two-stage analysis: the notice stage and the decertification stage. *Mooney, 54 F.3d at 1213*; *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1*.

At the notice stage, the court determines--based on the pleadings and any submitted affidavits--whether to certify the class conditionally and give notice to potential class members. *Id.*; *Mooney, 54 F.3d at 1213*. Because the court often has minimal evidence at this stage of the litigation the standard is lenient, "requir[ing] nothing more than substantial allegations that putative class members were together the victims of a single **[*5]** decision, policy or plan." *Mooney, 54 F.3d at 1214 n.8* (internal quotation marks omitted). If the district court conditionally certifies a class and authorizes notice, putative class members are notified of their opportunity to opt in as plaintiffs under § 216(b). *Mooney, 54 F.3d at 1214*. The action then proceeds as a class action during discovery. *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1*.

The instant case is at the notice stage. While the notice stage standard is lenient, it is not automatic. *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *2*. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id*. To establish this, the plaintiff must at minimum show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co., No. G-07-0504, 2008 U.S. Dist. LEXIS 42488, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)* (Rosenthal, J.). A plaintiff must make a minimal showing that all members of the class are similarly situated **[*6]** in terms of job requirements and payment practice. "[A] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join in the lawsuit." *Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007)*. "Affidavits from potential class members affirming their intention to join the suit are ideal for analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'" *Simmons, 2007 U.S. Dist. LEXIS 5002, 2007 WL 210008, at *9* (quoting *Mooney, 54 F.3d at 1214 n.8*). A court may deny conditional certification and notice where the alleged injury occurs not as part of a general policy or practice of the employer, but through circumstances unique to the plaintiff. *2007 U.S. Dist. LEXIS 5002, [WL] at *5*. However, employees need not be in identical situations to qualify as similarly situated; a plaintiff must simply provide a reasonable basis to support the allegation that similarly situated individuals exist. *2007 U.S. Dist. LEXIS 5002, [WL] at *7*. The remedial nature of the FLSA and § 216 "militate[s] strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Intern. Inc., No. H-05-3733, 2008 U.S. Dist. LEXIS 52568, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008)*.

B. **[*7]** Discussion

Meyers argues that the putative class members are similarly situated because they were each subject to the same payment policy. Dkt. 11 at 13-14. Meyers points to a list that Pioneer has produced of seventy-eight employees who were subject to Pioneer's travel time policy to illustrate the size of the putative class in this case. *Id*. at 7; Dkt. 11, Ex. H. Meyers maintains that the

pleadings and sworn declarations entered in this case show that other aggrieved individuals exist and that those individuals would opt in to the suit if they were aware of it. *Id.* at 14. Meyers requests the court conditionally certify the proposed class and authorize notice of the collective action to its members. *Id.*

Pioneer makes two arguments contesting Meyers's motion for class certification. Dkt. 12. First, Pioneer argues that an investigation of its travel time policy by the Department of Labor ("DOL") and Pioneer's subsequent settlement arrangements with some potential plaintiffs precludes certification of a *§ 216(b)* collective action concerning that policy. *Id.* at 1-2. The DOL investigation determined that thirty employees were affected by the policy. *Id.* at 1. The DOL supervised settlements **[*8]** between Pioneer and twenty-one of the identified employees resulting in receipt of back pay and waiver of any further claims against Pioneer pertaining to the travel time policy. *Id.* at 2. However, contrary to the results of the DOL investigation, Ijaz Rehman, Pioneer's Controller, prepared a list of seventy-eight employees working in the west Texas area who may have been affected by the travel time policy. Dkt. 11, Ex. A; Dkt. 11, Ex. H. While *§ 216(c)* authorizes the DOL to investigate FLSA violations and to supervise settlements, waiver of future claims under a DOL supervised settlement must be made individually by the employee affected by an unlawful payment policy and such waiver only bars that individual employee from making a future claim under *§ 216(b)*. *See Maynor, 2008 U.S. Dist. LEXIS 42488, 2008 WL 2220394 at \*11*. Therefore, waiver of twenty-one individual claims under the DOL settlement does not bar other employees from advancing their own claims challenging Pioneer's travel time policy under the FLSA, nor does it prevent employees who did receive a settlement from challenging the validity of the waiver or making any other claims not specifically waived. *See Id.*

Second, Pioneer argues that a class should **[*9]** not be certified under *§ 216(b)* to pursue Meyers's claim that Pioneer's lunch break policy violated the FLSA because the putative class members are not similarly situated in relation to that policy. Dkt. 12 at 2. However, Meyers has not requested that the class be certified based specifically on allegations that Pioneer's lunch break policy violated the FLSA. This allegation is an additional claim offered by Meyers that does not affect the determination of whether the court should certify the putative class proposed by him, which includes all Pioneer employees who did not receive overtime compensation as a result of the travel time policy.

In support of his motion, Meyers provided five additional sworn declarations and four consents to join the suit, which show that other aggrieved individuals exist. Dkt. 11, Exs. B-G; Dkt. 10 Exs. B-E. The declarations provided have all been entered by individuals claiming to have been subject to the same payment policy and they allege similar facts regarding Pioneer's travel time policy that affected all nonexempt, hourly employees of Pioneer in west Texas. Dkt. 11, Exs. B-G. The sworn declarations entered in this case illustrate that Meyers and the **[*10]** putative class are similarly situated. The similarities in factual allegations throughout the pleadings and the declarations indicate that the action does not arise from circumstances unique to Meyers and that facts sufficient to justify certification of the proposed class exist. The desire of other similarly situated individuals to opt in to the suit has been illustrated through the declarations and consents to opt in already filed in this case. Meyers has met the low bar for conditional certification and notification of putative class members in this case.

## III. CONCLUSION

Pending before the court is plaintiff's motion to conditionally certify the proposed class under *§ 216(b)* of the FLSA. Dkt. 11. Upon consideration of the motion, the responses, the evidence of record, the applicable law, and for the foregoing reasons, the motion is GRANTED. Therefore, the court ORDERS notice to issue to the following class:

> All hourly paid employees of Pioneer Exploration, LLC who have been paid an hourly rate for travel (or "drive time") without additional overtime compensation in workweeks where such employees worked more than 40 hours from June 30, 2008.

The court further ORDERS that counsel confer **[*11]** and submit an agreed proposed notice and consent form for the court's consideration, within ten (10) days of the date of this opinion and order.

The court further ORDERS defendant to produce the names, last-known addresses, and last four digits of the Social Security Number for all hourly paid employees of defendant who performed services for defendant during the time period of July 1, 2008, to the present, in a usable electronic format no later than twenty (20) days from the date this order is filed.

Signed at Houston, Texas on July 6, 2010.

/s/ Gray H. Miller

Gray H. Miller

United States District Judge

---

**End of Document**