# EXHIBIT 8

 Positive
As of: June 6, 2018 10:36 PM Z

## *Lopez v. Sam Kane Beef Processors, Inc.*

United States District Court for the Southern District of Texas, Corpus Christi Division

February 29, 2008, Decided; February 29, 2008, Filed

Civ. No. CC-07-335

**Reporter**

2008 U.S. Dist. LEXIS 15572 *; 2008 WL 565115

SALVADOR LOPEZ, EDGAR ALANIZ & ALFREDO ALANIZ, Et al., Plaintiffs v. SAM KANE BEEF PROCESSORS, INC., Defendant

**Prior History:** *Alaniz v. Sam Kane Beef Processors, Inc., 2007 U.S. Dist. LEXIS 89161 (S.D. Tex., Dec. 4, 2007)*

## Core Terms

employees, notice, unpaid, plaintiffs', activities, sanitizing, discovery, situated, certify, willful

**Counsel:** **[*1]** For Edgar Alaniz, on behalf of themselves and all other similarly situated employees, Alfredo Alaniz, on behalf of themselves and all other similarly situated employees, Salvador Lopez, on behalf of themselves and all other similarly situated employees, Plaintiffs: Philip A Downey, LEAD ATTORNEY, Unionville, PA; Alex R Hernandez, Jr, Attorney at Law, Port Lavaca, TX; Kern A Lewis, S Rafe Foreman, Susan E Hutchison, Foreman Lewis & Hutchison PC, Grapevine, TX; Stephen Christopher McMains, Attorney at Law, Corpus Christi, TX.

For Sam Kane Beef Processors, Inc., Defendant: David L Barron, LEAD ATTORNEY, Epstein Becker et al, Houston, TX; David L Kane, LEAD ATTORNEY, Attorney at Law, Plano, TX.

**Judges:** HAYDEN HEAD, CHIEF JUDGE.

**Opinion by:** HAYDEN HEAD

## Opinion

### MEMORANDUM OPINION

Pending before the Court is plaintiffs' Motion for Class Certification (D.E. 81). Having considered the submissions of both parties, the Court GRANTS plaintiffs' motion and conditionally certifies a class. The Court hereby DENIES plaintiffs' Motion to Lift Stay (D.E. 79) as moot.

### Background

Plaintiffs are current and former hourly employees at defendant's meat processing plant. They allege that they are not paid for necessary work activities, including **[*2]** donning and doffing personal protective equipment (PPE), sanitizing work equipment and waiting in lines. Plaintiffs allege that the Fair Labor Standards Act (FLSA), *29 U.S.C. § 201 et seq.,* entitles them to payment for these activities. Plaintiffs move to certify a class for collective action under *FLSA §216(b)*, which allows employees to sue on behalf of themselves and "other employees similarly situated." *Id.* at *§216(b).* FLSA collective actions differ from Rule 23 class actions in that members of an FLSA collective action must affirmatively join the suit. *Id.* Plaintiffs request permission to send notice of this case to all hourly production, loading dock and sanitation workers employed by defendant for the three years prior to August 10, 2007.

### Analysis

Fifth Circuit courts considering collective actions under the FLSA usually undertake a two-stage procedure, which proceeds as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has minimal **[*3]** evidence, this determination is made using a fairly lenient standard, and typically

2008 U.S. Dist. LEXIS 15572, *3

results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

*Mooney v. Armaco Services Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)*. While the standard for showing that employees are similarly situated is lenient, plaintiffs must provide "substantial allegations that potential members were together the victims of a single decision, policy, or plan …." *Id. at 1214*.

Plaintiffs submit affidavits from employees describing the protective equipment required for their work, the time required to don and doff the equipment and sanitize it, and totaling their daily unpaid time. Defendants **[*4]** object that plaintiff has not demonstrated a similarly situated group of employees. They claim that because the plaintiffs allege varying amounts of unpaid time and assert distinct equipment requirements, they should not be allowed to proceed collectively. However, defendant's evidence is contrary-- the description of the "gang time" scheduling system and the calculation of work time suggests a plant-wide policy.

Defendants urge that the Court must make individualized determinations about whether the unpaid time is *de minimis*. Plaintiffs submit affidavits from employees alleging unpaid time ranging from a few minutes per day to over an hour per day. Several of plaintiffs' affidavits assert unpaid time in excess of thirty minutes. These declarations are sufficient at the notice stage to suggest that there exists a group of employees whose unpaid time is not *de minimis*. Accordingly, the Court finds that plaintiffs have submitted sufficient evidence to meet the lenient standard to conditionally certify a class.

Defendants further object to the inclusion of both knife-carrying and non-knife-carrying employees in the conditional class. Although plaintiffs offer only one affidavit from an employee **[*5]** who does not carry a knife, that affiant describes similar unpaid activities to

the other plaintiffs, including donning protective gear and sanitizing equipment, with the exception of sharpening knives. Furthermore, the affiant claims uncompensated time amounting to about sixty minutes per day, an amount similar to that claimed by the other plaintiffs. The Court finds the employees similarly situated for inclusion in the conditional class. Discovery may clarify the need to create subclasses or narrow the class. At this stage, however, the Court finds it appropriate to include both employees who carry knives and those who do not.

The statute of limitations under the FLSA is two years for standard violations and three years for willful violations. *29 U.S.C. § 255(a)*. Plaintiffs allege that defendant's violations of FLSA were willful and therefore subject to the longer statute of limitations. Defendants argue that they do pay employees for some donning, doffing and sanitization. time. They assert that there is no evidence that any violation of FLSA, if found, is willful. The Court will not require plaintiffs to prove willfulness without the benefit of discovery. The Court authorizes a **[*6]** three-year period for notice. *See, Foraker v. Highpoint Southwest, Services, L.P., 2006 U.S. Dist. LEXIS 63951, 2006 WL 2585047 at *5 (S.D.Tex. 2006)* ("The facts concerning willfulness or bad faith must be elicited during discovery."); *Villatoro v. Kim Son Restaurant, L.P., 286 F.Supp.2d 807, 811 (S.D.Tex. 2003)* (Willfulness is an issue going to the merits of the case and not whether notice should be issued to potential claimants.).

For the foregoing reasons, IT IS ORDERED that plaintiff's motion to certify a collective class is GRANTED and that a collective class is conditionally certified, consisting of all hourly wage earners involved in production, processing, packing and cleaning activities at Defendant's Corpus Christi beef processing facility during the three years prior to August 10, 2007.

IT IS FURTHER ORDERED that defendant shall provide to plaintiffs' counsel a list of the names and last known addresses (in electronic form) of all current or former hourly wage earners involved in production, processing, packing and cleaning activities at defendant's Corpus Christi beef processing facility during the three years prior to the date of this suit.

IT IS FURTHER ORDERED that plaintiffs may notify potential plaintiffs **[*7]** using the form of notice proposed by the plaintiffs. (D.E. 81, Ex. 15) All plaintiffs must opt in by filing their consent forms with this court no later than 120 days from the date of defendant's

2008 U.S. Dist. LEXIS 15572, *7

production of the above information.

So ORDERED this 29 day of Feb, 2008.

/s/ Hayden Head

HAYDEN HEAD

CHIEF JUDGE

---

**End of Document**