# EXHIBIT 9

⚠️ Caution
As of: June 6, 2018 10:37 PM Z

# Yaklin v. W-H Energy Servs.

United States District Court for the Southern District of Texas, Corpus Christi Division

May 2, 2008, Decided; May 2, 2008, Filed

CIVIL ACTION NO. C-07-422

**Reporter**
2008 U.S. Dist. LEXIS 36572 *; 2008 WL 1989795

BERT YAKLIN, et al, Plaintiffs, VS. W-H ENERGY SERVICES, INC., et al, Defendants.

## Core Terms

notice, similarly situated, employees, positions, named plaintiff, potential class members, opt-in, job responsibilities, employed person, collection action, overtime, class plaintiff, affiants

## Case Summary

**Procedural Posture**

Plaintiffs filed a motion for notice to potential class plaintiffs in an action brought pursuant to the Fair Labor Standards Act, *29 U.S.C.S. § 201 et seq.* Plaintiffs were existing and former employees of defendants.

**Overview**
While employed by defendants, plaintiffs held positions titled "Service Tech I," "Service Tech II," and "Service Supervisor" at a certain facility. Plaintiffs submitted, as their sole evidence in support of their motion, affidavits from eight of the named plaintiffs. Through the provision of the affidavits from multiple persons employed as service technicians at the relevant facility, plaintiffs demonstrated that employees in these positions, and at this location, were similarly situated in terms of both job responsibilities and payment provisions. Plaintiffs, however, did not provide evidence sufficient to demonstrate that persons employed by defendants in other positions, and at other locations, should be permitted to opt-in to the collective action. The affiants' testimony that these employees performed generic, "blue-collar job duties" did not demonstrate that these employees were similarly situated to the named plaintiffs in terms of job responsibilities. Class members who wished to opt-in had to return their opt-in forms directly to the court, and the notice to potential class members had to contain a brief explanation of defendants' bases for disputing liability.

**Outcome**
Plaintiffs' motion for notice to potential class members was granted in part. Defendants were ordered to produce to plaintiffs the names and addresses of all persons employed by either defendant in the relevant positions between December 1, 2004, and the present. The parties were ordered to jointly submit a proposed notice to potential class members, revised in accordance with the court's order.

## LexisNexis® Headnotes

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN1**[↧] **Remedies, Class Actions**

See *29 U.S.C.S. § 216(b)*.

Civil Procedure > ... > Notice of Class Action > Content of Notice > Opt Out Provisions

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN2**[↧] **Content of Notice, Opt Out Provisions**

Unlike *Fed. R. Civ. P. 23(b)(3)*, a collective action maintained under the Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201 et seq.*, is pursued as an "opt-in" class. Collective actions under the FLSA are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by

resolving in one proceeding common issues of law and fact arising from the same alleged activity.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN3**[ ] **Remedies, Class Actions**

In the context of the Lusardi test for certifying a collective action pursuant to *29 U.S.C.S. § 216(b)*, the first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN4**[ ] **Remedies, Class Actions**

In the context of the Lusardi test for certifying a collective action pursuant to *29 U.S.C.S. § 216(b)*, the second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives--i.e. the original plaintiffs--proceed to trial on their individual claims.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN5**[ ] **Remedies, Class Actions**

In the context of *29 U.S.C.S. § 216(b)*, to determine whether conditional certification is appropriate, a court must determine whether the potential class plaintiffs are "similarly situated" to the named plaintiffs. *§ 216(b)*. The potential class plaintiffs are considered "similarly situated" to the named plaintiffs if they are "similarly situated" with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar. A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN6**[ ] **Remedies, Class Actions**

In the context of *29 U.S.C.S. § 216(b)*, a notice must inform potential class plaintiffs that they may contact any attorney of their choosing to discuss the case.

**Counsel: [*1]** For Bert Yaklin, Jose A. Garcia, Felipe Rodriguez, Jr., Baldemar Gonzalez, Pedro E. Salinas, Ricardo Guzman, Russell Shaw, Fabian Arredondo, Matthew Saenz, Richard Charles, Samuel G. Rojas, Michael Rivera, Individually, and on behalf of all others similarly situated, Reynaldo Sanchez, Olivero Gonzales, Jr., Omar Gonzales, Plaintiffs: Jon D Brooks, LEAD ATTORNEY, Brooks LLP, Corpus Christi, TX.

For W-H Energy Services, Inc., Coil Tubing Services, LLC, Defendants: Christopher E Moore, Walter W Christy, LEAD ATTORNEYS, Coats Rose, New Orleans, LA.

**Judges:** Janis Graham Jack, United States District Judge.

**Opinion by:** Janis Graham Jack

## Opinion

**ORDER**

On this day came on to be considered Plaintiffs' Motion for Notice to Potential Class Plaintiffs. (D.E. 25.) For the reasons discussed below, Plaintiffs' motion is hereby GRANTED IN PART.

## I. Jurisdiction.

The Court has federal subject matter jurisdiction over this case pursuant to *28 U.S.C. § 1331* because Plaintiffs bring suit pursuant to the Fair Labor Standards Act, *29 U.S.C. §§ 201, et seq.*

## II. Factual and Procedural Background.

Plaintiffs are existing and former employees of Defendants, W-H Energy Services, Inc. ("W-H") and Coil Tubing Service, LLC ("CTS"). [1] (D.E. 21, P 7.) [*2] While employed by Defendants, they held positions titled "Service Tech I," "Service Tech II," and "Service Supervisor" at Defendants' Alice, Texas facility. [2] (D.E. 25, Exs. B-I.) They allege, in their Defendants' opposition, however, suggests that some of the named Plaintiffs held positions other than these three. (D.E. 26 at 8.) Because Plaintiffs have not submitted affidavits, or evidence of any kind, regarding persons complaint, that Defendants required them to work in excess of forty hours per week and did not compensate them with overtime pay, in violation of *29 U.S.C. § 207*. (D.E. 21, PP 8-22, 28.) They suggest that Defendants improperly characterized their positions as exempt from *section 207*'s overtime requirement. (Id., P 7.)

Plaintiffs seek to proceed as a collective action pursuant to *29 U.S.C. § 216(b)*. On April 1, 2008, they filed a Motion for Notice to Potential Class Members, seeking to conditionally certify a class consisting of "all current and former service technicians, coil tube operators, nitrogen pump operators, and parts room employees employed by [Defendants] between December 1, 2004, and the present." (D.E. 25 at 14.) They requested an order requiring Defendants to produce to them the names and addresses of all potential class Plaintiffs, and sought permission to issue notice to the potential Plaintiffs of the existence of the lawsuit. (Id.) Defendants opposed Plaintiffs' [*4] motion in a response filed April 22, 2008. (D.E. 26.)

## III. Discussion.

*Section 216(b)* provides that **HN1**[] "[a]n action to recover [for violations of *section 207*] may be maintained against any employer … by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated." *29 U.S.C. § 216(b)*. **HN2**[] Unlike *Federal Rule of Civil Procedure 23(b)(3)*, a collective action maintained under the FLSA is pursued as an "opt-in" class. See *Lachapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975)* ("*Rule 23(c)* provides for 'opt out' class actions. *FLSA [§] 16(b)* allows as class members only those who 'opt in.'"). Collective actions under the FLSA are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding "common issues of law and fact arising from the same alleged … activity." See *Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)*.

The Fifth Circuit has declined to adopt a specific test for determining whether to certify a collective action pursuant to *29 U.S.C. § 216(b)*. *Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995)*. The prevailing [*5] analysis used by federal courts, however, and the analysis adopted by the Court in this case, is the two-stage test set forth in *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)*. *Mooney, 54 F.3d at 1212*; see also *Detho v. Bilal, C.A. No. H-07-2160, 2008 U.S. Dist. LEXIS 29502 (S.D. Tex. Apr. 10, 2008)*; *Bernal v. Vankar Enterprises, Inc., C.A. No. SA-07-CA-695-XR, 2008 U.S. Dist. LEXIS 22814 (W.D. Tex. Mar. 24, 2008)*. Explaining the Lusardi test, the Fifth Circuit stated:

> **HN3**[] The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is

---

[1] Defendant W-H contends that none of the named Plaintiffs were ever employed by W-H, and instead were employed by CTS only. (D.E. 26 at 6-7.) For purposes of deciding this motion, the Court need not resolve this dispute.

[2] In support of their motion, Plaintiffs provide the Court with affidavits from named Plaintiffs employed by Defendants in positions titled "Service Tech I," "Service Tech II," and "Service Supervisor." (D.E. 25, Ex. B-I.) employed in positions [*3] other than "Service Tech I," "Service Tech II," and "Service Supervisor," the Court has no way of assessing whether the claims brought by these Plaintiffs should proceed as collective actions. Accordingly, the Court will address in this order only the claims brought by Plaintiffs employed as "Service Tech I," "Service Tech II," and "Service Supervisor." (Note that the Court is unable to determine the position or job responsibilities of Plaintiff Yaklin, as a crucial page is missing from his affidavit. (D.E. 25, Ex. A.))

made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

HN4[ ] The second determination is typically precipitated by a motion [*6] for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives--*i.e.* the original plaintiffs--proceed to trial on their individual claims.

Mooney, 54 F.3d at 1213-14. This case is at the "notice stage" of the Lusardi test. Accordingly, the Court's decision to certify is "made using a fairly lenient standard." Id.; see also Bernal, 2008 U.S. Dist. LEXIS 22814 at *10-11.

HN5[ ] To determine whether conditional certification is appropriate, the Court must determine whether the potential class Plaintiffs are "similarly situated" to the named Plaintiffs. 29 U.S.C. § 216(b). The potential class Plaintiffs are considered "similarly situated" to the named Plaintiffs if they are "'similarly situated' with respect [*7] to their job requirements and with regard to their pay provisions." See Dybach v. State of Florida Department of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991); Ryan v. Staff Care, Inc., 497 F. Supp. 2d 820, 824-825 (N.D. Tex. 2007). "'The positions need not be identical, but similar.'" Ryan, 497 F. Supp. 2d at 825 (quoting Barnett, C.A. No. 3:01-CV-1182-M, 2002 U.S. Dist. LEXIS 9099, *1 (N.D. Tex. May 21, 2002) (citations omitted)). "'A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" Ryan, 497 F. Supp. 2d at 825 (quoting Donohue v. Francis Services, Inc., Civ. A. No. 041-170, 2004 U.S. Dist. LEXIS 9355, *1 (E.D. La. May 24, 2004) (citations omitted)).

Plaintiffs submit, as their sole evidence in support of their motion, affidavits from eight of the named Plaintiffs. (D.E. 25, Exs. A-I.) The majority of the affiants are persons employed in "Service Tech I" and "Service Tech II" positions at Defendants' Alice, Texas facility, whose job responsibilities include "operating a coil tubing unit and/or nitrogen and fluid pump in the [*8] field." (Id., Exs. B-D, F-I.) A single affiant is a "Service Supervisor" at Defendants' Alice, Texas facility, whose job responsibilities include "[ensuring] that the crew of three or four personnel were performing their jobs safely and properly and … prepar[ing] tickets and … mak[ing] hotel reservations." (Id., Ex. E.) All affiants contend that they "usually worked 7 days per week and … an average of 105 hours per week." (Id., Exs. B-D, F-I.) They state that "[d]espite working an average of 65 overtime hours per week … [they] never received any overtime pay … " (Id.) Additionally, they contend that they are "not aware of any exemption that would permit [Defendants] to not pay any overtime pay to [them] and [were] never told by [Defendants] that any exemption applied to [them]." (Id.)

The Court finds that the evidence provided by Plaintiffs is sufficient to meet the lenient standard for conditional certification of the following class:

> All persons employed by either Defendant in "Service Tech I" or "Service Tech II" positions at Defendants' Alice, Texas facility between December 1, 2004, and the present.

Through the provision of the aforementioned affidavits from multiple persons employed [*9] as service technicians at Defendants' Alice, Texas facility, Plaintiffs have demonstrated that employees in these positions, and at this location, are similarly situated in terms of both job responsibilities and payment provisions. Plaintiffs, however, have not provided evidence sufficient to demonstrate that persons employed by Defendants in other positions, and at other locations, should be permitted to opt-in to the collective action.

The single, boilerplate paragraph attached, in identical form, to the end of each affidavit stating that the affiants "believe that there is [*sic*] likely more than 500 current employees who [they] believe are paid a salary, receive no overtime pay, and perform only blue-collar job duties" is not sufficient to meet even the lenient standard for conditional certification of a class including persons employed outside of the Alice, Texas facility and in positions other than "Service Tech I" and "Service Tech II." (D.E. 25, Exs. A-I.) The affiants' testimony that these employees perform generic, "blue-collar job duties" does not demonstrate that these employees are

similarly situated to the named Plaintiffs in terms of job responsibilities. Furthermore, [*10] conclusory allegations that aggrieved employees exist outside of the Alice, Texas facility, without the support of even minimal evidence, cannot provide a basis for inclusion of these employees in the class. See Detho v. Bilal, C.A. No. H-07-2160, 2008 U.S. Dist. LEXIS 29502, *11 (S.D. Tex. Apr. 10, 2008) (declining to include in the class persons employed at locations other than the location at which the named Plaintiffs were employed because "[t]he evidence does not provide even a minimal showing that there were aggrieved employees at [other locations]."); Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 363 (M.D. Ala. 1999) (limiting the class to employees of a single restaurant because "Plaintiffs have not made a showing that any hourly wage employee at any of Defendant's restaurants, other than at the restaurant … where the named, individual Plaintiffs … worked, was subjected to employment practices which potentially violated the FLSA").

Additionally, the affidavit of Samuel Rojas, the lone Service Supervisor, expressly shows that Rojas is *not* similarly situated to the other named Plaintiffs in terms of his job responsibilities. (D.E. 25, Ex. E (listing job duties different from [*11] those performed by the service technicians).) Furthermore, the affidavit fails to show that there exist other Service Supervisors, similarly situated to Rojas, who should be permitted to opt-in and proceed as a separate "Service Supervisor" class. (Id.) Instead, the affidavit sets forth Rojas's jobs responsibilities and payment provisions alone, and fails to discuss the job responsibilities and payment provisions of his allegedly similarly situated peers. (Id.) Accordingly, Rojas may proceed as an individual, but not on behalf of a similarly situated class.

### IV. Proposed Notice.

Defendants object to Plaintiffs' proposed notice on the following bases: (1) Plaintiffs' notice directs potential class members to contact Plaintiffs' counsel, (2) Plaintiffs' notice directs potential class members to return completed opt-in forms to Plaintiffs' counsel, and (3) Plaintiffs' notice does not adequately explain Defendants' bases for disputing liability. (D.E. 26 at 15-16.) The Court agrees that HN6[↑] the notice must inform potential class Plaintiffs that they may contact any attorney of their choosing to discuss the case. Moran v. Ceiling Fans Direct, Inc., C.A. No. H-06-0813, 2006 U.S. Dist. LEXIS 72586, *4-5 (S.D. Tex. Oct. 5, 2006) [*12] ("The potential class needs to be aware that … they may contact and discuss this matter with any attorney of their choosing."). The Court also holds that class members who wish to opt-in must return their opt-in forms directly to the Court, and that the notice to potential class members must contain a brief explanation of Defendants' bases for disputing liability. Accordingly, the Court ORDERS the parties to jointly submit, no later than Friday, May 16, 2008, a proposed notice to potential class members, revised in accordance with this order, for the Court's review.

### V. Conclusion.

For the reasons discussed above, Plaintiffs' Motion for Notice to Potential Class Members is hereby GRANTED IN PART:

> (1) Defendants are ORDERED to produce to Plaintiffs, no later than Friday, May 16, 2008, the names and addresses of all persons employed by either Defendant in the position of "Service Tech I" or "Service Tech II" at Defendants' Alice, Texas facility between December 1, 2004, and the present;
> (2) The parties are ORDERED to jointly submit, no later than Friday, May 16, 2008, a proposed notice to potential class members, revised in accordance with the Court's order; and
>
> (3) Defendants may move to [*13] decertify the class no later than August 15, 2008, the dispositive motion deadline (D.E. 16).

SIGNED and ORDERED this 2nd day of May, 2008.

/s/ Janis Graham Jack

Janis Graham Jack

United States District Judge

---

**End of Document**