# EXHIBIT 16

⚠ Caution
As of: June 6, 2018 10:45 PM Z

# Luvianos v. Gratis Cellular, Inc.

United States District Court for the Southern District of Texas, Houston Division

December 10, 2012, Decided; December 10, 2012, Filed

CIVIL ACTION NO. H-12-1067

**Reporter**
2012 U.S. Dist. LEXIS 183027 *

MARIO LUVIANOS, et al., Plaintiffs, v. GRATIS CELLULAR, INC. and VIKAS ANAND, Defendants.

**Subsequent History:** Adopted by, Class certification granted by *Luvianos v. Gratis Cellular, Inc., 2012 U.S. Dist. LEXIS 182560 (S.D. Tex., Dec. 28, 2012)*

## Core Terms

Certify, notice, similarly situated, employees, class certification, customer service, sales representative, overtime, Recommendation, declarations, conditional, class action, potential class members, aggrieved individual, individuals, workweek, lawsuit, exempt, store manager, locations, named plaintiff, court finds, forty hour, requirements, duties, opt-in, join, proposed class members, putative class member, collection action

## Case Summary

### Overview

In an overtime action under the Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201 et seq.*, because plaintiffs provided evidence satisfying the two-step analysis described in Lusardi, it was recommended that matter be conditionally certified as a collective action under *29 U.S.C.S. § 216(b)* with respect to a class as modified by the court.

### Outcome

Recommended that matter be conditionally certified as a collective action under *29 U.S.C.S. § 216(b)* with respect to modified class.

## LexisNexis® Headnotes

Business & Corporate Compliance > ... > Wage & Hour Laws > Scope & Definitions > Overtime & Work Periods

**HN1**[⤓]  **Scope & Coverage, Overtime & Work Periods**

The Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201 et seq.*, requires covered employers to pay non-exempt employees for hours worked in excess of defined maximum hours. *29 U.S.C.S. § 207(a)*. Specifically, employers must compensate non-exempt employees for hours worked in excess of forty hours in a given workweek at a rate of at least one and one-half times the employees' regular rate of pay. *29 U.S.C.S. § 207(a)*.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN2**[⤓]  **Remedies, Class Actions**

Under the Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201 et seq.*, employees may bring an action against their employers for violation of the FLSA's hour and wage provisions. *29 U.S.C.S. §§ 215-216*. An employee may bring this action against his employer on behalf of himself and other employees similarly situated. No employee shall be a party plaintiff to any such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought. *29 U.S.C.S. § 216(b)*. Courts have the authority to implement the representative action process by facilitating notice to potential plaintiffs, i.e., to persons alleged to be similarly situated to the named plaintiffs.

Labor & Employment Law > Wage & Hour

Laws > Remedies > Class Actions

**HN3**[ ] **Remedies, Class Actions**

In the Fifth Circuit, the determination of whether plaintiffs are "similarly situated" for class treatment is generally made by using one of two analyses: (1) the two-step analysis described in Lusardi v. Xerox Corp., or (2) the "spurious class action" analysis described in Shushan v. Univ. of Colo.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN4**[ ] **Remedies, Class Actions**

With respect to the determination of whether plaintiffs are similarly situated for class treatment, under the Lusardi approach, the court first determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class. The court makes this determination by using a fairly lenient standard, requiring only substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. If the court determines that the employees are similarly situated, then notice is sent and new plaintiffs may "opt in" to the lawsuit. Next, once discovery has largely been completed, and, thus, more information on the case made available, the court makes a final determination on whether the plaintiffs are similarly situated and whether they can proceed together in a single action.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN5**[ ] **Remedies, Class Actions**

The United States Court of Appeals for the Fifth Circuit has not ruled which method the courts should use to determine whether plaintiffs are sufficiently "similarly situated" to advance their claims together in a single action under 29 U.S.C.S. § 216(b). Although it has stated that not all class action standards are applicable to § 216(b) actions, it has explicitly left open the question of whether the Lusardi approach, the Shushan approach, or some third approach should be used in determining whether employees' claims are sufficiently similar to support the maintenance of a representative action. However, most courts in the Southern District of Texas follow the Lusardi approach in suits under § 216(b). The Lusardi approach is consistent with Fifth Circuit dicta stating that the two-step approach is the typical manner in which these collective actions proceed.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN6**[ ] **Remedies, Class Actions**

At the notice stage of a collective action under 29 U.S.C.S. § 216(b), the court's decision is made using a fairly lenient standard; a plaintiff need only make a minimum showing to guide the court's determination whether to issue notice to potential class members.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN7**[ ] **Remedies, Class Actions**

With respect to a collective action under 29 U.S.C.S. § 216(b), in the absence of Fifth Circuit guidance on the appropriate test to use at the notice stage of the Lusardi analysis, courts are split on the appropriate elements to consider in determining whether to grant conditional certification. Some courts use three elements, requiring the plaintiff to show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiffs in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. Other courts, however, have rejected the third, non-statutory element. The United States District Court for the Southern District of Texas agrees with the latter camp that plaintiffs need not present evidence of the third element at this stage of the certification process.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN8**[ ] **Remedies, Class Actions**

With respect to a collective action under 29 U.S.C.S. § 216(b), at the notice stage of the proceedings, the court need only find that plaintiffs made substantial allegations that the putative class members were

together the victims of a single decision, policy, or plan. To satisfy this standard, plaintiffs must show: (1) that other aggrieved individuals exist; (2) these individuals are similarly situated with respect to the pay practice at issue, and (3) the existence of some evidence that aggrieved individuals want to join the suit.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### HN9[ ] Remedies, Class Actions

The Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201 et seq.*, exempts employees holding bona fide executive, administrative, or professional positions from the Act's overtime payment requirements. *29 U.S.C.S. § 213(a)(1)*; *29 C.F.R. § 541.100*.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### HN10[ ] Remedies, Class Actions

With respect to a collective action under *29 U.S.C.S. § 216(b)*, the conditional class certification stage is not an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### HN11[ ] Remedies, Class Actions

Potential class members are considered similarly situated to the named plaintiffs if they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar. A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

### HN12[ ] Remedies, Class Actions

The court has the power to limit the scope of a proposed class in a collective action under the Fair Labor Standards Act, *29 U.S.C.S. § 216(b)*.

**Counsel:** [*1] For Mario Luvianos, Jessica Dominguez, Jose Garza, III, Abel Mukete, Romeo Torrez, Vanessa Matamoros, Moses Gonzalez, Edward Ledesma, Jesus Garcia, Ana Davila, Joseph Reeves, Irasema Gonzales, Jorge Ruiz, Plaintiffs: Michael Paul Fleming, Michael P. Fleming & Associates, P.C., Houston, TX; David W Tang, Attorney at Law, Houston, TX.

For Brandy Ruiz, Pamela Guardiola, Tanya Aleman, Plaintiffs: David W Tang, Attorney at Law, Houston, TX.

For Gratis Cellular, Inc, Vikas Anand, Defendants: Radha Thiagarajan, Gaughan Stone et al, Houston, TX.

**Judges:** Nancy K. Johnson, United States Magistrate Judge.

**Opinion by:** Nancy K. Johnson

## Opinion

### AMENDED MEMORANDUM AND RECOMMENDATION

Pending before the court [1] is Plaintiffs' Motion to Conditionally Certify a Collective Action and to Issue Notice to Potential Class Members (Doc. 5). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiffs' motion be **GRANTED**.

### I. Case [*2] Background

Plaintiffs, individually and on behalf of all other similarly situated individuals, filed this action against Gratis Cellular, Inc., and Vikas Anand (collectively, "Defendants") under the Fair Labor Standards Act ("FLSA"), *29 U.S.C. §§ 201 et seq.*, alleging that Defendants willfully failed to pay their employees at the federally mandated minimum and overtime rates.

---

[1] This case was referred to the undersigned magistrate judge pursuant to **28 U.S.C. § 636(b)(1)(A)** and **(B)**, the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and *Federal Rule of Civil Procedure 72*. Doc. 12.

Plaintiffs assert that Defendants' denial of wages at the federally mandated minimum wage and overtime rates for all hours worked over forty also affected other similarly situated employees.

A. <u>Procedural History</u>

Plaintiffs Mario Luvianos ("Luvianos"), Janette Loredo ("Loredo"), Jessica Dominguez ("Dominguez"), and Jose Garza, III ("Garza") filed this lawsuit against Defendants in the Harris County Court of Law, Number 4, alleging willful violations of the FLSA. [2] On April 9, 2012, Defendants removed the case to this court on the basis of federal question jurisdiction. [3] One month later, on May 6, 2012, Plaintiffs filed an amended complaint alleging that Defendants violated the FLSA by failing to pay Plaintiffs the required minimum wage and overtime at one and one-half times their regular rate for each hour worked **[*3]** over forty per workweek. [4] The amended complaint also added eleven named plaintiffs to the action, one of whom was Moses Gonzalez ("Gonzalez"). [5]

Plaintiffs filed the pending motion for conditional class certification on June 21, 2012, [6] seeking to certify a class of **[*4]** individuals who worked as "a customer service/sales representative for [Defendants] at any time from February 24, 2009, to the present, and were not paid overtime pay at the rate of one and one-half times your regular hourly rate." [7]

In the motion, Plaintiffs contend that Defendants misclassifed their customer service/sales representatives as exempt under the FLSA and ask the court to: (1) conditionally certify this suit as a collective action; (2) authorize Plaintiffs to send an approved notice of this action and a consent form to putative class members; and (3) order Defendants to produce the name, last known residential address, last known telephone number, personal and work email addresses, last four digits of the Social Security numbers, and dates of employment for all employees who worked for Defendants as a customer service/sales representative during the past three years. [8] Plaintiffs additionally request that Defendants' representative verify the complete and accurate production of the requested information regarding all potential class members. [9]

On July 12, 2012, Defendants filed a response in opposition to Plaintiffs' motion for conditional class certification, to which Plaintiffs replied on July 17, 2012. [10]

On September 21, 2012, the court issued a Memorandum and Recommendation to which Defendants filed objections on October 4, 2012. [11] Having considered Defendants' objections, and Plaintiffs' responses thereto, the court amends its Memorandum and Recommendation.

B. <u>Factual History</u>

The following factual account is derived from Plaintiffs' first amended complaint, as well as the declarations and affidavits attached to the briefs on the pending conditional class certification motion.

---

[2] <u>See</u> Doc. 1-4, Ex. 4 to Defs.' Notice of Removal, Pls.' Am. Compl. Filed Feb. 29, 2012.

[3] <u>See</u> Doc. 1, Defs.' Notice of Removal.

[4] <u>See</u> Doc. 3, Pls.' 1st Am. Compl. Plaintiffs' complaint also alleges a breach of contract claim against Defendants by Luvianos. The complaint states that Defendants asked Luvianos, who began his employment in McAllen, Texas, to work at Defendants' locations in Baltimore, Maryland. <u>See id.</u> ¶¶ 33-34. Defendants offered Luvianos $10,000 to move to and work in Baltimore. <u>See id.</u> ¶ 35. Luvianos accepted the offer and moved to Baltimore, where Defendants paid him in cash without deducting required federal withholding amounts. <u>See id.</u> ¶ 37. Further, Defendants failed to pay Luvianos the offered $10,000. <u>See id.</u> ¶ 38. Therefore, Plaintiffs allege, Defendants breached their agreement with Luvianos. <u>See id.</u> ¶ 39-41. This claim has no bearing on Plaintiffs' class certification allegations.

[5] <u>See id.</u> at pp. 2-3.

[6] <u>See</u> Doc. 5, Pls.' Mot. to Certify Class.

[7] Doc. 5-15, Ex. 15 to Pls.' Mot. to Certify Class, Proposed Notice.

[8] <u>See</u> Doc. 5, Pls.' Mot. **[*5]** to Certify Class, p. 16.

[9] <u>See id.</u>

[10] <u>See</u> Doc. 7, Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class; Doc. 8, Pls.' Reply to Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class; <u>see also</u> Doc. 9, Defs.' Exs. to Resp. in Opp'n to Pls.' Mot. to Certify Class.

[11] <u>See</u> Doc. 13, Mem. & Recommendation Dated Sep. 21, 2012; Doc. 17, Defs.' Objs. to Mem. & Recommendation; <u>see also</u> Doc. 21, Pls.' Resp. to Defs.' Objs. to Mem. & Recommendation.

Defendants have been in the cellular phone business, providing cellular products and services, since 2005. [12] They operate [*6] retail stores throughout Texas, Maryland, and Oklahoma. [13] Defendants employed one District Manager and several Area Managers in each market. [14] Defendants allege that Plaintiff Gonzalez was employed as a District Manager for their stores in McAllen, Texas. [15] Store Managers held the highest ranking position within each store and were "responsible for setting schedules, determining commissions, working with management, scheduling work hours, handing out assignments, requesting inventory, handling customer complaints, ensuring [the] store met goals, [and] hiring and firing." [16] Store Managers received sales commissions and bonuses for the store's good performance, and were "treated as salaried employees exempt from overtime wages." [17] Defendants also employed Service Representatives who were responsible for "selling products to customers, general store upkeep, and dealing with customers." [18] According to Defendants, Plaintiffs Garza, Loredo, and Luvianos were Store Managers at different times during their employment. [19]

Plaintiffs assert that they were employed in Defendants' Texas stores, as well as in one of their Baltimore, Maryland stores. [20] Plaintiffs assert that their job duties included interacting with customers, responding to customer inquiries, accepting customer payments, activating mobile devices, selling Defendants' products and services, maintaining the upkeep of the store, and performing other duties assigned by Defendants. [21] As part of their employment, Plaintiffs were required [*8] to complete a training period during which Plaintiffs worked at least sixty hours per week for at least two weeks. [22] Plaintiffs were either not paid or received $250 per week for the training period. [23] Plaintiffs also assert that they routinely worked over forty hours per workweek, but were not paid overtime for those hours. [24]

When Plaintiffs asked Defendants about their payments, Defendants provided several reasons, including that: (1) Defendants did not have to pay the minimum wage or overtime rates during training periods; (2) Plaintiffs were paid a salary and were therefore not entitled to overtime payments; (3) Plaintiffs received their overtime payments via commissions or bonuses; and (4) cellular phone companies were not required to pay overtime. [25]

## II. Legal Standard

**HN1**[ ] The FLSA requires covered employers to pay non-exempt employees for hours worked in excess of defined maximum hours. *29 U.S.C. § 207(a)*. Specifically, employers must compensate non-exempt employees [*9] for hours worked in excess of forty hours in a given workweek at a rate of at least one and one-half times the employees' regular rate of pay. *29 U.S.C. § 207(a)*. Although the FLSA does not define the term "workweek," regulations promulgated by the Department of Labor have defined "workweek" as:

> a fixed and regularly recurring period of 168 hours—seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day.

---

[12] See Doc. 3, Pls.' 1st Am. Compl., ¶ 2-4; Doc. 9-1, Ex. 1 to Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, Vikas Anand Aff.

[13] See Doc. 3, Pls.' 1 st Am. Compl., [*7] ¶ 5. Specifically, Plaintiffs claim that Defendants operate stores and booths in the following towns and cities in Texas: Houston, Kerrville, Porter, Edinburg, McAllen, Corpus Christi, Mercedes, Port Lavaca, Edna, La Joya, Mission, Beeville, Fredericksberg, Penitas, Pearland, Converse, Mission, and Alton. Id. ¶ 7. In Maryland, Defendants allegedly operate stores in Baltimore, Middle River, Dundalk, and Essex. Id. ¶ 8. Plaintiffs also allege that Defendants operate a store in Oklahoma City, Oklahoma. Id. ¶ 9.

[14] See Doc. 9-1, Ex. 1 to Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, Vikas Anand Aff.

[15] See id.

[16] Id.

[17] Id.

[18] Id.

[19] See id. Defendants do not allege that Plaintiff Dominguez was a manager of any type.

[20] See Doc. 3, Pls.' 1st Am. Compl., ¶ 13; Doc. 5-7, Ex. 7 to Pls.' Mot. to Certify Class, Mario Luvianos Aff., ¶ 3.

[21] See Doc. 3, Pls.' 1st Am. Compl., ¶ 14.

[22] See id. ¶ 18.

[23] See id. ¶ 19.

[24] See id. ¶¶ 16-17.

[25] See id. ¶ 27.

29 C.F.R. § 778.105; see Oliver v. Centerpoint Energy, Inc., No. H-10-0189, 2010 U.S. Dist. LEXIS 52546, 2010 WL 2163915, at *4 (S.D. Tex. May 27, 2010) (unpublished).

HN2[↑] Under the FLSA, employees may bring an action against their employers for violation of the FLSA's hour and wage provisions. See 29 U.S.C. §§ 215-216. An employee may bring this action against his employer on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Courts have the authority to implement the representative action process by facilitating notice to [*10] potential plaintiffs, i.e., to persons alleged to be "similarly situated" to the named plaintiff(s). Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).

HN3[↑] In the Fifth Circuit, the determination of whether plaintiffs are "similarly situated" is generally made by using one of two analyses: (1) the two-step analysis described in Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987), or (2) the "spurious class action" analysis described in Shushan v. Univ. of Colo., 132 F.R.D. 263 (D. Colo. 1990). See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th Cir. 1995) (expressly declining to decide which of the two analyses is appropriate). [26]

HN4[↑] Under the Lusardi approach, the court first "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. 2010) [*11] (citing Mooney, 54 F.3d at 1213-14). The court makes this determination by using a fairly lenient standard, requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Mooney, 54 F.3d at 1214 & n.8. If the court determines that the employees are similarly situated, then notice is sent and new plaintiffs may "opt in" to the lawsuit. Acevedo, 600 F.3d at 519 (citing Mooney, 54 F.3d at 1214). Next, once discovery has largely been completed, and, thus, more information on the case made available, the court makes a final determination on whether the plaintiffs are similarly situated and whether they can proceed together in a single action. Id.

According to the Fifth Circuit, the Shushan approach, known as the "spurious class action" analysis, is similar to the class certification procedure used under Federal Rule of Civil Procedure 23 ("Rule 23"):

> Shushan espouses the view that [29 U.S.C. § 216(b) ("Section 216(b)")] merely breathes new life into the so-called "spurious" class action procedure previously eliminated from [Rule 23]. Building on this foundation, the court determined that Congress did not intend to [*12] create a completely separate class action structure for the FLSA . . . context, but merely desired to limit the availability of Rule 23 class action relief under . . . [the FLSA]. In application, the court determined that Congress intended the "similarly situated" inquiry to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. Under this methodology, the primary distinction between a . . . [FLSA] representative action and a [Rule 23] class action is that persons who do not elect to opt-in to the . . . [FLSA] representative action are not bound by its results. In contrast, Rule 23 class members become party to the litigation through no action of their own, and are bound by its results.

Mooney, 54 F.3d at 1214.

HN5[↑] The Fifth Circuit has not ruled which method the courts should use to determine whether plaintiffs are sufficiently "similarly situated" to advance their claims together in a single action under Section 216(b). Acevedo, 600 F.3d at 518-19. Although it has stated that not all class action standards are applicable to Section 216(b) [*13] actions, it has explicitly left open the question of whether the Lusardi approach, the Shushan approach, or some third approach should be used in determining whether employees' claims are sufficiently similar to support the maintenance of a representative action. Id. (citing Mooney, 54 F.3d at 1216; LaChapelle v. Owens-Ill., Inc., 513 F.2d 286, 288 (5th Cir. 1975)).

---

[26] Mooney v. Aramco Services Co. was an action under the Age Discrimination in Employment Act ("ADEA"), but it is informative here because the ADEA explicitly incorporates **Section 216(b) of the FLSA to** also provide for an "opt-in" class action procedure for similarly situated employees. See Mooney, 54 F.3d at 1212.

However, most courts in this district follow the Lusardi approach in suits under *Section 216(b)*. See, e.g., Tolentino v. C & J Spec-Rent Servs., Inc., 716 F.Supp.2d 642, 646 (S.D. Tex. 2010) (collecting cases). The Lusardi approach is consistent with Fifth Circuit dicta stating that the two-step approach is the typical manner in which these collective actions proceed. Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 915 n.2 (5th Cir. 2008). The Fifth Circuit has also stated that "[t]here is a fundamental, irreconcilable difference between the class action described by [*Rule 23*] and that provided for by [*Section 216(b)*]," i.e., the "opt-out" procedure for class members under *Rule 23* as opposed to the "opt-in" procedure under *Section 216(b)*. LaChapelle, 513 F.2d at 288; see also Donovan v. Univ. of Tex. at El Paso, 643 F.2d 1201, 1206 (5th Cir. 1981) [*14] ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the [Rule 23] procedures."). This court, therefore, will analyze Plaintiffs' claims using the Lusardi method.

The present case is at the "notice stage" of the Lusardi analysis. HN6[↑] At this stage, the court's decision is "made using a fairly lenient standard;" a plaintiff need only make a minimum showing to guide the court's determination whether to issue notice to potential class members. Mooney, 54 F.3d at 1214.

HN7[↑] In the absence of Fifth Circuit guidance on the appropriate test to use at the notice stage of the Lusardi analysis, courts are split on the appropriate elements to consider in determining whether to grant conditional certification. Some courts use three elements, requiring the plaintiff to show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiffs in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. See, e.g., Cantu v. Vitol, Inc., No. H-09-0576, 2009 U.S. Dist. LEXIS 118325, 2009 WL 5195918, at *4 (S.D. Tex. Dec. 21, 2009) (unpublished); Tolentino, 716 F.Supp.2d at 653. [*15] Other courts, however, have rejected the third, non-statutory element. See, e.g., Dreyer v. Baker Hughes Oilfield Operations, Inc., No. H-08-1212, 2008 U.S. Dist. LEXIS 101297, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (unpublished); Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007).

The court agrees with the latter camp that Plaintiffs need not present evidence of the third element at this stage of the certification process. There are several reasons for this. First, as already stated, this element is not a statutory requirement at this stage. See *29 U.S.C. § 216(b)*. Second, this element has not been required, or even discussed, by any higher court opinion that this court has been able to find or to which the parties have cited. Rather, the Fifth Circuit's discussion of the Lusardi approach only requires, at the first stage, that "putative class members' claims [be] sufficiently similar to merit sending notice of the action to possible members of the class." See Acevedo, 600 F.3d at 519 (citing Mooney, 54 F.3d at 1213-14).

Third, unlike under *Rule 23*, there is no numerosity requirement in an FLSA class action lawsuit under the Lusardi approach. See, e.g., Badgett v. Tex. Taco Cabana, L.P., No. Civ.A.H 05-3624, 2006 U.S. Dist. LEXIS 10077, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006) [*16] (unpublished) (citing Mooney, 54 F.3d at 1214, n.8) ("[A]t the notice stage [in an FLSA action using the Lusardi approach], courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." (internal quotations omitted)).

Finally, this element, requiring evidence of purported class members who are willing to join a class action before an appropriate class is even determined, is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes. See Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296, 105 S. Ct. 1953, 85 L. Ed. 2d 278 (1985). Liberally construing the FLSA to effect its purposes, the court finds that it is enough for Plaintiffs to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually wish to join the lawsuit.

Based on these considerations, the court will address only the first two elements of the Lusardi test.

## III. Analysis

Defendants urge the court to reject Plaintiffs' request for conditional class certification. They argue that: (1) Plaintiffs cannot [*17] establish that they were the victims of a single decision or plan of Defendants; (2) there is no reasonable basis for Plaintiffs' assertion that aggrieved individuals exist; and (3) Plaintiffs cannot establish that aggrieved individuals are similarly situated to Plaintiffs. Plaintiffs respond that they have satisfied the requirements for conditional class certification. The

court considers the parties' arguments.

**HN8**[⬆] At this stage of the proceedings, the court need only find that Plaintiffs made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney, 54 F.3d at 1214 n.8*. To satisfy this standard, Plaintiffs must show: (1) that other aggrieved individuals exist; (2) these individuals are similarly situated with respect to the pay practice at issue, and (3) the existence of some evidence that aggrieved individuals want to join the suit. [27]

### A. Plaintiffs have articulated the existence of a single decision, policy, or plan of which they were the victims.

With regard to the existence of a single decision, policy, or plan of which Plaintiffs were victims, Plaintiffs assert that they were all non-exempt customer service/sales representatives who were misclassified as exempt employees and denied overtime pay. Defendants contend that because Plaintiffs Luvianos, Garza, Loredo, [28] and Gonzalez were employed as managers, and were thus exempt from overtime pay under the FLSA, [29] Plaintiffs have failed to establish that all the putative class members are victims of a single policy, decision, or plan. Defendants have produced affidavit testimony from Defendant Vikas Anand ("Anand") that the aforementioned Plaintiffs were managers at some time during their employment and performed exempt managerial duties. [30]

In their objections to the court's first memorandum and recommendation, Defendants argue that because the aforementioned Plaintiffs worked as managers at some point during their employment with Defendants, their declaration testimony should be stricken. That Gonzalez, Luvianos, Garza, and Loredo were managers at some point does not render their testimony incompetent. The court may thus consider the contents in determining whether to conditionally certify the proposed class.

Moreover, regardless of Gonzalez, Luvianos, Garza, and Loredo's job position, Plaintiffs have provided declaration testimony from other named Plaintiffs stating that they were employed as customer service/sales representatives, performed the job duties of customer service/sales representatives, and were improperly denied overtime pay for hours worked over forty per workweek. The court finds that this evidence is sufficient, at this stage of the proceedings, to support Plaintiffs' [*20] allegations that customer service/sales representatives were the victims of Defendants' practice of misclassifying their job positions as exempt and denying overtime pay.

Defendants also argue that Plaintiffs cannot establish the existence of a single plan or decision of which they were the victims because Defendants' customer service/sales representatives were paid sales commissions and bonuses that "more than made up for any alleged overtime hours." [31] This is an unpersuasive argument for denying conditional class certification. **HN10**[⬆] The conditional class certification stage is not "an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc., 756 F.Supp.2d 794, 802 (S.D. Tex. 2010)*. Defendants have not established how their merits-based argument bears on the determination of conditional class classification.

The court therefore finds that Plaintiffs articulated the existence of, and provided evidence for, a single plan, policy, or decision of which customer service/sales representatives were the victims.

### B. There is a reasonable [*21] basis for crediting

---

[27] As discussed above regarding this third element, it is enough for Plaintiffs to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit. See [*18] *Dreyer, 2008 U.S. Dist. LEXIS 101297, 2008 WL 5204149, at *3*.

[28] Subsequent to the filing of the pending motion, Loredo was dismissed without prejudice from this lawsuit. See Doc. 27, Or. Dismissing Loredo; see also Doc. 23, Pls.' Mot. to Dismiss Loredo.

[29] **HN9**[⬆] The FLSA exempts employees holding "bona fide executive, administrative, or professional" positions from [*19] the Act's overtime payment requirements. *29 U.S.C. § 213(a)(1)*; see *29 C.F.R. § 541.100* (defining "employee employed in a bona fide executive capacity").

[30] See Doc. 9-1, Ex. 1 to Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, Vikas Anand Aff.

[31] Doc. 7, Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, p. 7.

**Plaintiffs' assertion that other aggrieved individuals exist.**

Defendants contend that Plaintiffs have failed to show that it is reasonable to believe that other aggrieved employees, who were subject to the same unlawful policy or plan, exist. Defendants argue that the declarations submitted by Plaintiffs in support of their motion for conditional class certification are not based on Plaintiffs' personal knowledge, but are instead based on hearsay and conjecture, specifically with regard to statements that Plaintiffs' coworkers worked in excess of forty hours per workweek and were not paid overtime.

Each of Plaintiffs' declarations submitted in favor of conditional certification state that the given declarant spoke with other employees in Defendants' stores and determined that those employees worked over forty hours in a given workweek and did not receive overtime compensation. [32] Several of these declarants then identified the names of other employees who would join the lawsuit if it were certified as a class action. [33] These statements, for the purpose of proving the truth of the assertion that Plaintiffs' coworkers worked over forty hours in a given workweek and **[*22]** did not receive overtime compensation, are inadmissible hearsay. See Fed. R. Evid. 802. However, regardless of their truth, these statements provide a basis for Plaintiffs' belief that other aggrieved individuals exist who may be owed overtime compensation. The court further notes that, since the filing of Plaintiffs' motion for conditional class certification, two potential class members identified in Plaintiffs' declarations have filed declarations and consents to join this lawsuit. [34]

Given this evidence, the court finds that Plaintiffs have satisfied the Lusardi requirement of establishing a reasonable basis for asserting that other aggrieved individuals exist.

**C. Some Plaintiffs are similarly situated in relevant respects, given the claims and defenses asserted.**

Defendants allege that Plaintiffs cannot establish that they are similarly situated for purposes of a class action under Lusardi because Plaintiffs "were hired at different times, worked for different periods of time, worked at **[*24]** different locations, held different job titles, had different benefits, and were terminated, or resigned for different reasons." [35] The court disagrees in part.

HN11[ ] Potential class members are considered similarly situated to the named plaintiffs if they are:
> "similarly situated" with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar. A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.

Yaklin v. W-H Energy Servs., Inc., No. C-07-422, 2008 U.S. Dist. LEXIS 36572, 2008 WL 1989795, at *2 (S.D. Tex. May 2, 2008) (unpublished) (internal quotations and citations omitted). If the job duties among putative class members vary significantly, then class certification should be denied. See, e.g., Dreyer, 2008 U.S. Dist. LEXIS 101297, 2008 WL 5204149, at *3; Aguirre v. SBC Commc'ns, Inc., No. H-05-3198, 2007 U.S. Dist. LEXIS 17259, 2007 WL 772756, at *9 (S.D. Tex. Mar. 12, 2007) (unpublished).

Here, in support of their proposed class, Plaintiffs have provided declaration testimony that they held **[*25]** the position of customer service/sales representative and

---

[32] See Doc. 5-7, Ex. 7 to to Pls.' Mot. to Certify Class, Mario Luvianos Decl., ¶¶ 5-6; Doc. 5-8, Ex. 8 to Pls.' Mot. to Certify Class, Jorge Ruiz Decl., ¶¶ 5-6; Doc. 5-9, Ex. 9 to Pls.' Mot. to Certify Class, Jessica Dominguez Decl., ¶¶ 5-6; Doc. 5-11, Ex. 11 to Pls.' Mot. to Certify Class, Vanessa Matamoros Decl., ¶¶ 5-6; Doc. 5-12, Ex. 12 to Pls.' Mot. to Certify Class, Jose Garza III Decl., ¶¶ 5-6; Doc. 5-13, Ex. 13 to Pls.' Mot. to Certify Class, Janette Loredo Decl., ¶¶ 5-6; Doc. 8-1, Ex. 16 to Pls.' Reply to Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, Brandy Ruiz Decl., ¶ 5; Doc. 8-2, Ex. 17 to Pls.' Reply to Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, Tanya Aleman Decl., ¶ **[*23]** 5.

[33] See Doc. 5-7, Ex. 7 to to Pls.' Mot. to Certify Class, Mario Luvianos Decl., ¶ 7; Doc. 5-8, Ex. 8 to Pls.' Mot. to Certify Class, Jorge Ruiz Decl., ¶ 7; Doc. 5-9, Ex. 9 to Pls.' Mot. to Certify Class, Jessica Dominguez Decl., ¶ 7; Doc. 5-11, Ex. 11 to Pls.' Mot. to Certify Class, Vanessa Matamoros Decl., ¶ 7; Doc. 5-12, Ex. 12 to Pls.' Mot. to Certify Class, Jose Garza III Decl., ¶ 7; Doc. 5-13, Ex. 13 to Pls.' Mot. to Certify Class, Janette Loredo Decl., ¶ 7.

[34] See Doc. 8-1, Ex. 16 to Pls.' Reply to Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, Brandy Ruiz Decl.; Doc. 8-2, Ex. 17 to Pls.' Reply to Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, Tanya Aleman Decl.

[35] Doc. 7, Defs.' Resp. in Opp'n to Pls.' Mot. to Certify Class, pp. 8-9.

performed similar job duties to one another and to proposed class members. In opposition, Defendants provided affidavit testimony that four of the named Plaintiffs—Gonzalez, Luvianos, Garza, and Loredo—performed exempt duties because they were managers who were also paid a salary, as well as commissions and bonuses on a different basis than customer service/store representatives. Plaintiffs argue that Defendants did not treat or compensate the aforementioned employees as exempt managers and direct the court to evidence in support of their argument.

Whether these four named Plaintiffs were managerial or administrative employees for purposes of the FLSA involves an individualized, factual determination that would contravene a primary purpose behind class action lawsuits, i.e., the promotion of judicial economy. See *Jones v. Diamond, 519 F.2d 1090, 1099 (5th Cir. 1975)*; *Andel v. Patterson-UTI Drilling Co., LLC, 280 F.R.D. 287, 290 (S.D. Tex. 2012)*. A class action is, therefore, not the appropriate vehicle for determining whether managers employed by Defendants throughout their locations are exempt under the FLSA. [36] To the extent [*26] any of the proposed class members did not hold the position of customer service/store representative during the applicable class period, those proposed class members will be excluded from the defined class. Plaintiffs are not requesting, and the court is expressly not certifying, a class that would include Area Managers, District Managers, Store Managers, or outside sales agents. Area Managers, District Managers, Store Managers and outside sales agents may not circumvent this ruling by filing an opt-in notice. But to the extent that an individual worked as a customer service/sales representative for Defendants during the relevant class period before becoming a manager, that individual may join the class for the period he worked as a sales representative.

Given that an individualized analysis would be required to determine whether these four employees were managers for purposes of the FLSA, the court finds that Gonzalez, Luvianos, Garza, and Loredo are not similarly situated to prospective class members and thus are not appropriate class representatives in this action.

Nonetheless, Plaintiffs have produced sufficient evidence at this stage of the class certification process, by means of declaration testimony from named Plaintiffs other than those discussed above, to satisfy the fairly lenient standard for showing that Plaintiffs are similarly situated in terms of job requirements and pay provisions to proposed class members consisting only of customer service/sales representatives.

Defendants also contend that Plaintiffs are not similarly situated to proposed class members because they were employed at different locations. Plaintiffs have provided sufficient evidence, in the form of declaration testimony, that potential class members were treated similarly at locations in Texas and Maryland. The defined class will be limited to reflect only those locations. [37]

Defendants have not cited, and the court has not located, case law holding that different hiring dates, different lengths of employment, or different reasons for termination or resignation preclude conditional class certification. Given that Defendants have failed to show how such differences are material for purposes of class certification, the court finds Defendants' argument, with regard to these differences, to be without merit. [38] The court thus finds that Plaintiffs have produced sufficient evidence to show that they are similarly situated to proposed class members.

Accordingly, the court **RECOMMENDS** that Plaintiffs' motion for conditional class certification be **GRANTED**.

### IV. Class Definition and Notice

Because the court finds that Plaintiffs have provided evidence [*29] satisfying the requirements of Lusardi, the court **RECOMMENDS** that this matter be conditionally certified as a collective action under *29 U.S.C. § 216(b)* with respect to the following class:

---

[36] The court further notes that Plaintiffs' evidence with respect to these four named Plaintiffs is insufficient to show that they were employed as customer services/sales representatives during the relevant class period. Each of the three aforementioned declarations indicates that the respective declarants began working in 2008 as customer service/sales representatives. The record is silent as to whether they became store managers, [*27] as attested by Anand, prior to the applicable class period.

[37] Plaintiffs' complaint [*28] stated that Defendants also operated locations in Oklahoma. However, Plaintiffs have not provided any evidence of similarly situated employees in Oklahoma.

[38] Defendants also argue that Luvianos's individual breach of contract claim precludes class certification because it is purely personal to Luvianos. As noted above, Luvianos's breach of contract claim is separate and distinct from the class certification sought by Plaintiffs.

Customer service/sales representatives who worked for Defendants at Defendants' locations in Texas or Maryland at any time between February 24, 2009, and February 24, 2012, and who were not paid overtime pay at a rate of at least one and one-half times their regular rate for hours worked in excess of forty hours in any given workweek. Individuals employed only in a managerial position (Area Manager, District Manager, Store Manager) and/or as an outside sales agent during this period are excluded from the class.

If any current or former employees other than customer service/sales representatives wish to proceed on a claim for overtime compensation under the FLSA, they must file a separate lawsuit. See *Baldridge v. SBC Commc'ns, Inc., 404 F.3d 930, 931-32 (5th Cir. 2005)* (stating that **HN12**[⬆] the court has the power to limit the scope of a proposed class in a FLSA collective action). Outside sales agents and managers, including Area Managers, District Managers, and Store Managers are expressly excluded from [*30] the proposed class.

With respect to Plaintiffs' proposed notice, Defendants raise several objections. Specifically, Defendants object that the notice fails to (1) inform potential class members that they may contact an attorney of their choice to discuss the case; (2) direct class members that their opt-in forms must be returned directly to the court and not to Plaintiffs' attorneys; and (3) define overtime as working over forty hours per workweek.

The court overrules Defendants' first objection to Plaintiffs' proposed notice given that the proposed notice expressly states that potential class members "may select a lawyer of [their] own choosing to represent [them] in this matter, or [they] may contact the lawyer for the plaintiffs in this case." [39] The court agrees with Defendants' second objection and therefore orders that Plaintiffs amend their proposed notice to direct potential class members to return their opt-in forms directly to the court within the time frame designated below if they wish to opt in to the action. See *Tolentino, 716 F.Supp.2d at 655*. Defendants' final objection to Plaintiffs' proposed notice is overruled as moot given the conditionally certified class defined [*31] by the court above.

Regarding Plaintiffs' request for expedited discovery, the court finds that disclosure to Plaintiffs' counsel of employees' full names, last known mailing addresses, phone numbers, and email addresses, and dates of employment is not unduly invasive. [40] If this memorandum and recommendation is adopted, Defendants shall provide Plaintiffs with a list, in a usable electronic format, of all employees fitting the description of the conditionally certified class within fourteen days of the order adopting this recommendation. This list shall include each individual's full name, last known mailing addresses, phone numbers, and email addresses, and dates of employment. Plaintiffs also requests that a corporate representative of Defendants verify that the requested information was completely and accurately produced. This is unnecessary to the extent Plaintiffs seek a document attesting to the complete and accurate production of the requested information.

Plaintiffs shall have fourteen days from the receipt of this information to mail the proposed notice, amended as discussed above, to the potential class members. The opt-in period shall be sixty days from the date the notice is mailed.

**V. Conclusion**

Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' Motion to Conditionally Certify a Collective Action and to Issue Notice to Potential Class Members be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to *Federal Rule of Civil Procedure 72(b)* and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 10th day of December, [*33] 2012.

_____

---

[39] Doc. 5-15, Ex. 15 to Pls.' Mot. to Certify Class, Proposed Notice.

[40] Defendants did not object to any of the discovery information requested by Plaintiffs. However, absent a showing of need, the court will not require Defendants [*32] to turn over any portion of a person's Social Security number.

/s/ Nancy K. Johnson

Nancy K. Johnson

United States Magistrate Judge

---

**End of Document**