# EXHIBIT 18


Cited
As of: June 6, 2018 10:47 PM Z

## *Eggelston v. Sawyer Sportsbar, Inc.*

United States District Court for the Southern District of Texas, Houston Division

June 28, 2010, Decided; June 28, 2010, Filed

CIVIL ACTION 4:09-3529

**Reporter**
2010 U.S. Dist. LEXIS 65022 *; 2010 WL 2639897

REBECCA EGGELSTON, Plaintiff, v. SAWYER SPORTSBAR, INC., Defendant.

## Core Terms

tip, notice, similarly situated, employees, bartenders, overtime, individuals, certification, pooling, minimum wage, opt in, potential class members, class member, requirements, conditional, join

**Counsel: [*1]** For Rebecca Eggelston, Plaintiff: Albert Thomas Van Huff, LEAD ATTORNEY, Monsheugen & Van Huff PC, Houston, TX.

For Sawyer Sportsbar, Inc., Defendant: Edward L Pina, Edward L Pina & Assoc PC, San Antonio, TX.

**Judges:** Gray H. Miller, United States District Judge.

**Opinion by:** Gray H. Miller

## Opinion

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for conditional certification and notice to potential class members. Dkt. 15. Having considered the motion, the responses, the evidence of record, and the applicable law, the motion is GRANTED.

### I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case involving payment of minimum wages, tip pooling requirements, and overtime compensation. The named plaintiff, Rebecca Eggelston ("Eggelston"), tended bar at Sawyer Sportsbar, Inc. ("Sawyer"). She has alleged that during her employment Sawyer failed to pay her base salary of $ 2.13 per hour; required her to share her tips with employees who do not customarily and regularly receive tips; and did not pay her overtime. *Id.*

Eggelston contends that Sawyer treated approximately twenty-five other bartenders in the same manner. *Id.* She specifically named five bartenders treated similarly by Sawyer, three of **[*2]** whom have filed consent to join in this collective action--Amanda Fulton, Ryanne Hankla, and Tanya Stauble. *Id.*; Dkt. 23. Each has alleged Sawyer failed to pay her full salary and forced her to pool tips improperly. Dkt. 15; Dkt. 23. Although, unlike Eggelston, they did not specifically allege that Sawyer failed to pay them overtime, each has asserted knowledge of other bartenders who did not receive overtime pay. Dkt. 15; Dkt. 23.

Plaintiff now moves the court for conditional class certification of the group of "[a]ll bartenders who were employed by defendant and who performed services for defendant during the time period of October 30, 2006 to the present." Dkt. 15. In her motion, plaintiff requests that the court notify other members of the putative class of their right to join this lawsuit for claims of unpaid minimum wages, unpaid overtime wages, and illegal tip pooling, noting that some putative class members have already opted in and that others may do so if given the opportunity. *Id.* Plaintiff also requests that defendant be ordered to produce names, last-known addresses, email addresses, telephone numbers, dates of service, locations of service, and nature of service for all **[*3]** potential class members in order to expedite the notification process. *Id.*

Defendant argues that the court should deny Eggelston's motion because Eggelston's allegations lack merit and are not based on personal knowledge. Dkt. 19. Moreover, defendant contends Eggelston is not similarly situated to the other potential class members. *Id.*

## II. ANALYSIS

### A. Legal Standard

The FLSA creates a cause of action for violations of the minimum wage and overtime provisions of the Act. *29 U.S.C. § 216(b)*.

### 1. Minimum Wage and Overtime Pay

*Section 206(a)(1)* of the FLSA sets a general minimum wage for employees engaged in commerce. *29 U.S.C. § 206(a)(1)*. However, the Act provides for a tip credit which allows an employer to pay a tipped employee an hourly wage below the minimum, so long as the wage exceeds $ 2.13 per hour and the employee's tips make up the difference between that base wage and the minimum wage required under *Section 206(a)*. [1] *29 U.S.C. § 203(m)*; *Chisolm v. Gravitas Restaurant, Ltd., No. H-07-475, 2008 U.S. Dist. LEXIS 28254, 2008 WL 838760, at *2 (S.D. Tex. March 25, 2008)*. An employer seeking to use the tip credit must first notify its employees of the statutory basis for the practice. *Id.* "Moreover, no tip credit may **[*4]** be taken 'with respect to any tipped employee unless . . . all tips received by such employee have been retained by the employee,' except in cases in which tips are pooled 'among employees who customarily and regularly receive tips.'" *Bernal v. Vankar Enters., Inc., 579 F. Supp. 2d 804, 807 (W.D. Tex. 2008)* (quoting *29 U.S.C. § 203(m)*) (alteration in original).

*Section 207(a)* requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. *29 U.S.C. § 207(a)*. Bartenders are nonexempt employees who must receive overtime compensation for any hours worked in excess of forty hours per week. *See 29 U.S.C. § 207*.

### 2. Class Certification

*Section 216(b)* permits an employee to bring suit against an employer on "behalf of himself . . . and other employees similarly situated." *29 U.S.C. § 216(b)*.

---

[1] A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $ 30 a month in tips." *29 U.S.C. § 203(t)*.

Employees who wish to participate in a *§ 216(b)* collective action must affirmatively opt in by filing with the court a written consent to become a party. *Id.* The opt-in **[*5]** procedure of *§ 216(b)* illustrates its "fundamental, irreconcilable difference" from a class action under *Federal Rule of Civil Procedure 23(c)*. *Lachappelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975)*. In a Rule 23 proceeding, persons within the class description are automatically considered class members and must opt out of the suit if they do not wish to participate. *Id.*

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a *§ 216(b)* action, most federal courts (including this court) have adopted the test used in *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)*, when deciding these issues. *See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)*, *overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90, 90-91, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)* (finding no abuse of discretion where district court applied the *Lusardi* test); *Badgett v. Texas Taco Cabana, L.P., No. H-05-3624, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1-2 (S.D. Tex. Oct. 12, 2006)*. Under the *Lusardi* test, a district court approaches the question of whether potential plaintiffs are similarly situated through a two-stage analysis: the notice stage **[*6]** and the decertification stage. *Mooney, 54 F.3d at 1213*; *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1*.

At the notice stage, the court determines--based on the pleadings and any submitted affidavits--whether to certify the class conditionally and give notice to potential class members. *Id.*; *Mooney, 54 F.3d at 1213*. Because the court often has minimal evidence at this stage of the litigation the standard is lenient, "requir[ing] nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan." *Mooney, 54 F.3d at 1214 n.8* (internal quotation marks omitted). If the district court conditionally certifies a class and authorizes notice, putative class members are notified of their opportunity to opt in as plaintiffs under *§ 216(b)*. *Mooney, 54 F.3d at 1214*. The action then proceeds as a class action during discovery. *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *1*.

The instant case is at the notice stage. While the notice stage standard is lenient, it is not automatic. *Badgett, 2006 U.S. Dist. LEXIS 74530, 2006 WL 2934265, at *2*. The plaintiff bears the burden of making a preliminary

2010 U.S. Dist. LEXIS 65022, *6

factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, **[*7]** the plaintiff must at minimum show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co., No. G-07-0504, 2008 U.S. Dist. LEXIS 42488, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)* (Rosenthal, J.). A court may deny conditional certification and notice where the alleged injury occurs not as part of a general policy or practice of the employer, but through circumstances unique to the plaintiff. *2008 U.S. Dist. LEXIS 42488, [WL] at *5*. However, employees need not be in identical situations to qualify as similarly situated; a plaintiff must simply provide a reasonable basis to support the allegation that similarly situated individuals exist. *2008 U.S. Dist. LEXIS 42488, [WL] at *7*. The remedial nature of the FLSA and *§ 216* "militate[s] strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Intern. Inc., No. H-05-3733, 2008 U.S. Dist. LEXIS 52568, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008)*.

## B. Discussion

Plaintiff has satisfied the initial showing for certification of the proposed class under the FLSA. Through the **[*8]** pleadings and affidavits entered in this case to date, the plaintiff has demonstrated a reasonable basis for crediting the assertion that aggrieved individuals exist. The aggrieved individuals have asserted claims sufficiently similar to Eggelston's. And the desire of other similarly situated individuals to opt in to the suit has been illustrated through the affidavits and the consents to opt in already filed in this case. Therefore, plaintiff has satisfied the lenient standard for class certification during the notice stage.

Defendant makes essentially three arguments for denying certification. First, defendant urges merit-based arguments, which are not appropriately considered during the notice stage of a collective action because they do not affect the determination of whether Eggelston has made a showing that similarly situated employees want to opt in to this collective action. *Villatoro v. Kim Son Restaurant, L.P., 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003)*. Second, defendant argues that the plaintiff lacks personal knowledge of the tip pooling arrangement and the terms by which other

bartenders were paid. Defendant's argument that plaintiff lacked personal knowledge of the tip **[*9]** pooling arrangement lacks force. Defendant had a statutory duty to inform plaintiff that her payment arrangement satisfied applicable minimum wage laws; therefore, Eggelston should be aware of the effect of the tip pooling arrangement on her own compensation. *See 29 U.S.C. § 203(m)*. Moreover, plaintiff's alleged lack of knowledge of the payment arrangements between Sawyer and other bartenders does not affect the query because three additional bartenders have provided affidavits with similar allegations as to their own payment arrangements. Each plaintiff has also specifically referred to conversations with other named individuals pertaining to the alleged illegal payment practices of defendant.

Last, defendant argues that plaintiff is not similarly situated to the proposed class. A finding of similarly situated employees does not require a showing of identical duties and working conditions across the entire group. *Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)*. However, it does require a minimal showing that all members of the class are similarly situated in terms of job requirements and payment practice. "[A] plaintiff must do more than show the mere existence **[*10]** of other similarly situated persons, because there is no guarantee that those persons will actually seek to join in the lawsuit." *Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007)*. "Affidavits from potential class members affirming their intention to join the suit are ideal for analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'" *Simmons, 2007 U.S. Dist. LEXIS 5002, 2007 WL 210008, at *9* (quoting *Mooney, 54 F.3d at 1214 n.8*).

In this case, plaintiff provided three additional affidavits accompanied by three consents to join the suit. The affidavits are from individuals claiming to be bartenders and they alleged similar facts regarding nonpayment of minimum wages, overtime wages, and tip pooling with employees who do not customarily and regularly receive tips. The affidavits illustrate that the plaintiff and the proposed class had similar job requirements and were subject to similar payment practices. The similarities in factual allegations throughout the pleadings and the affidavits indicate that the action does not arise from circumstances unique to the plaintiff. At this stage, plaintiff's pleadings and the affidavits provided **[*11]** meet the low bar for conditional certification.

2010 U.S. Dist. LEXIS 65022, *11

**III. CONCLUSION**

Pending before the court is plaintiff's motion to conditionally certify the proposed class under *section 216(b)* of the FLSA. Dkt. 15. Upon consideration of the motion, the responses, the evidence of record, the applicable law, and for the foregoing reasons, the motion is GRANTED. Therefore, the court ORDERS notice to issue to the following class:

> All bartenders who were employed by defendant and who performed services for defendant during the time period of October 30, 2006, to the present.

The court further ORDERS that counsel confer and submit an agreed proposed notice and consent form for the court's consideration, within ten (10) days of the date of this opinion and order.

The court further ORDERS defendant produce the names, last-known addresses, email addresses, telephone numbers, dates of service, locations of service and nature of services provided for all bartenders who were employed by defendant and who performed services for defendant during the time period of October 30, 2006, to the present, no later than twenty (20) days from the date this order is filed.

Signed at Houston, Texas on June 28, 2010.

/s/  **[*12]** Gray H. Miller

Gray H. Miller

United States District Judge

---

End of Document